**In re Stella Louise RED, Debtor.**

**Bankruptcy No. 3–85–01866.**

United States Bankruptcy Court,
E.D. Tennessee.

March 13, 1986.

Wade M. Boswell, Knoxville, Tenn., for debtor.

Haynes, Meek, Summers & Mabry, Edward L. Summers, Knoxville, Tenn., for movant.

## MEMORANDUM

CLIVE W. BARE, Bankruptcy Judge.

At issue is whether under § 1325 of the Bankruptcy Code, as amended, the substantiality of repayment of unsecured debt under a chapter 13 plan is a relevant factor to be considered in assessing the good faith of the plan. 11 U.S.C.A. § 1325 (West 1979 & Supp.1985).

Also at issue is whether the debtor's chapter 13 plan has provided that "all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan." 11 U.S.C.A. § 1325(b)(1)(B). (West Supp.1985).

### I

The debtor commenced this chapter 13 case on November 5, 1985. Previously, she had filed a chapter 7 case on March 31, 1981, in which she received a discharge on June 22, 1981.

Approximately three and a half years after the chapter 7 discharge, Howard N. Delaney, the objecting creditor herein, obtained a $25,000.00 personal injury judgment against the debtor as a result of a motor vehicle accident. The debtor has scheduled her unsecured debt to Delaney (including the judgment, interest, and court costs) at $29,000.00. Her remaining six scheduled unsecured debts total $1,762.46. The debtor's chapter 13 plan indicates that the plan will result in a 14% repayment of her unsecured debts.

Delaney has objected to confirmation of the debtor's plan and has further moved for dismissal of the chapter 13 case on the grounds that "the amount which Debtor proposes to pay to Movant under her plan is so minuscule as to constitute an illusory payment to Movant, and that the true purpose of attaching the Chapter 13 label to the petition is an attempt to evade the discharge limitations of 11 U.S.C., Chapter 7, without reasonable and substantial payments to her creditors." Motion of Howard N. Delaney (filed December 18, 1985).

### II

The relevant provisions of the Bankruptcy Code provide:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

.　　.　　.　　.　　.

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

11 U.S.C.A. § 1325(a) (West 1979 & Supp. 1985).

Thus, the so-called "best interests of creditors" test under § 1325(a)(4) and the feasibility test of § 1325(a)(6) establish respectively a lower and upper limit on what the debtor may propose to pay under a confirmable chapter 13 plan—the debtor must propose to pay unsecured creditors not less than they would receive in a chapter 7 liquidation and not more than the debtor is able to pay.

Prior to the 1984 amendments to the Bankruptcy Code, § 1325(a)(4) and § 1325(a)(6) represented the only statutory guidelines expressly addressing the amount of payments as a factor in determining the confirmability of a chapter 13 plan. The provisions of chapter 13 were criticized for failing to explicitly require an inquiry into whether the debtor proposed to repay unsecured debt under the plan to the full extent of his or her ability. *See* Cyr, "The Chapter 13 'Good Faith' Tempest: An Analysis and Proposal For Change," 55 Am.Bankr.L.J. 271 (1981).

Before the 1984 amendments a number of appellate courts addressed the issue of whether the requirement of "good faith" under § 1325(a)(3) required a substantial or meaningful repayment of unsecured debt under the plan. In general, the courts of appeal rejected the notion that § 1325(a)(3) "good faith" envisioned a *per se* rule of substantial repayment in every case, but the courts nonetheless generally concluded that the amount of payments to unsecured creditors could be considered as one among a number of factors to be considered in assessing the good faith of the chapter 13 plan. *See Flygare v. Boulden,* 709 F.2d 1344 (10th Cir.1983); *In re Hines,* 723 F.2d 333 (3rd Cir.1983); *Kitchens v. Georgia Railroad Bank and Trust Co. (In re Kitchens),* 702 F.2d 885 (11th Cir.1983); *Deans v. O'Donnell (In re Deans),* 692 F.2d 968 (4th Cir.1982); *United States v. Estus (In re Estus),* 695 F.2d 311 (8th Cir.1982); *Goeb v. Heid (In re Goeb),* 675 F.2d 1386 (9th Cir.1982); *Ravenot v. Rimgale (In re Rimgale),* 669 F.2d 426 (7th Cir.1982). *Cf. Barnes v. Whelan (In re Barnes),* 689 F.2d 193, 200 (D.C.Cir.1982) (adhering to "the traditional meaning of 'good faith' as honesty of intention").

However, pursuant to the 1984 amendments the Bankruptcy Code now provides:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

(2) For purposes of this subsection, 'disposable income' means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; or

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuance, preservation, and operation of such business.

11 U.S.C.A. § 1325(b) (West Supp.1985).

In this connection the leading bankruptcy treatise now observes:

[T]he 1984 amendments to the Code finally resolve the issue of whether any particular amount must be paid to unsecured creditors above that required by the best interests of creditors test. Since Congress has now dealt with the issue quite specifically in the ability-to-pay provisions, there is no longer any reason for the amount of a debtor's payments to be considered as even a part of the good faith standard.

L. King, 5 *Collier on Bankruptcy* ¶ 1325.-04[3] (15th ed. 1985).

■ Thus, where the requirements of the § 1325(b) "ability-to-pay" provisions are met, this court need not further inquire into the degree of substantiality of repayment of unsecured debt under the plan as a factor in assessing the "good faith" of a chapter 13 plan under § 1325(a)(3). Assuming that the debtor's plan complies with § 1325(b), the fact that the plan results in a low percentage repayment of unsecured debt is not a relevant factor in assessing the good faith of the chapter 13 plan.

■ Here, however, the debtor's plan fails to satisfy the "ability-to-pay" provision of § 1325(b). In paragraph 9 of the plan the debtor proposes that "[a]ll income tax refunds now due the debtor or to become due the debtor during the plan will be the sole and absolute property of the debtor." This provision of the plan is in direct conflict with the mandate of § 1325(b). While the debtor may exempt an appropriate portion of her tax refund for 1985,[1] any non-exemptible portion of the forthcoming 1985 tax refund and *all* subsequent tax refunds allocable to the debtor's earnings during the three-year plan period would constitute part of the debtor's § 1325(b) "projected disposable income," i.e. income received by the debtor during the three-year plan period "not reasonably necessary to be expended ... for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C.A. § 1325(b)(2) (West Supp.1985).

■ In addition, in paragraph 2 f.(2) of her "Chapter 13 Statement" the debtor, in computing her take-home pay, lists a weekly payroll deduction of $12.50 for "Credit union (savings)." This court does not believe that such a deduction may be said to be reasonably necessary for the maintenance or support of the debtor or her daughter. This amount must also be included in calculating her "projected disposable income" under § 1325(b).

■ The court is also compelled to reach the same conclusion with respect to the debtor's weekly $1.50 payroll deduction for United Way.

Accordingly, this court's order confirming the debtor's plan on December 23, 1985,

---

**1.** The debtor has asserted in her Schedule B–4 a personal property exemption of "up to $895.00" in her forthcoming 1985 income tax refund as a portion of her $4,000.00 personal property exemption under Tennessee law. Tenn.Code Ann. § 26–2–102 (1980) (personal property to the aggregate value of $4,000.00 exempt from execution).

A chapter 13 debtor is entitled to claim the same exemptions allowed a chapter 7 debtor. 11 U.S.C.A. § 103(a) (West 1979); L. King, 5 *Collier on Bankruptcy*, ¶ 1300.81 (15th ed. 1985). Those exemptions are determined as of the date of the filing of the petition. *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).

Thus, since the debtor's case was filed on November 5, 1985, she is entitled to exempt only that portion of the 1985 tax refund allocable on pro rata basis to the number of days in the year which the debtor worked before commencing the case. In short, she may exempt (subject, of course, to the dollar limit of the exemption available under state law) no more than 309/365ths of her 1985 tax refund. The remaining non-exempt portion of the 1985 refund, if any, clearly constitutes a part of "the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan." 11 U.S.C.A. § 1325(b)(1)(B) (West Supp.1985).

will be vacated unless the debtor submits within ten (10) days of the entry of this memorandum and order a modification of the plan in accordance with the requirements of § 1325(b) as outlined above.