**In re Patrick Michael TOMASSO and Mary Jo Tomasso, a/k/a Mary Jo Mackert, Debtors.**

**Bankruptcy No. 88–06357–H13.**

United States Bankruptcy Court,
S.D. California.

March 29, 1989.

Harold M. Shilberg, San Diego, Cal., for debtors.

Jerry Suppa, Law Offices of Jerry Michael Suppa, San Diego, Cal., for creditor Aetna Finance Co.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is (1) whether the proceeds from a post-petition personal injury settlement are exempt property; if not (2) whether the proceeds classify as disposable income; and (3) the extent to which the proceeds should be turned over to the Chapter 13 trustee or any surcharge imposed upon the debtors.

The debtors claim that the settlement proceeds are exempt property, and that the proceeds are reasonably necessary to be expended for the support of the debtors and their dependents.

Creditor Aetna Finance Company ("Aetna") claims that the settlement proceeds represent disposable income which must be applied to make payments under the Chapter 13 plan.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (L).

## FACTS

On August 16, 1988, Patrick Michael Tomasso and Mary Jo Tomasso ("debtors") filed their petition for relief under Chapter 13 of Title 11 of the United States Code. In their Chapter 13 statement and schedules filed concurrently therewith, debtors claimed as exempt pursuant to California Code of Civil Procedure § 703.140(b)(11)(D) their interest in a personal injury lawsuit valued at $15,000.[1] In their plan dated August 15, 1988, the debtors proposed monthly payments to the trustee of $250 with unsecured creditors receiving no payment of any kind. The debtors' budget stated a total net monthly income of $2,266 and total monthly expenses of $2,016.

Aetna filed its objection to confirmation on September 19, 1988, alleging a lack of good faith, unfair discrimination, a failure to distribute to allowed unsecured creditors as much as they would have received under a Chapter 7 liquidation, and a failure to apply all projected disposable income to plan payments. Objections were also filed by the trustee and Security Pacific Credit Corporation.

Debtors filed their modified Chapter 13 plan on October 13, 1988, proposing to make a lump sum payment of $1,850 to the trustee within two weeks of confirmation. Debtors filed their amended Chapter 13 statement and budget on October 14, 1988, alleging a total monthly income of $2,180 and monthly expenses of $1,930. The plan payment remained at $250 per month.

On December 5, 1988, debtors filed another amended Chapter 13 statement and budget alleging total monthly income of $1,864 and monthly expenses of $1,614. The proposed plan payment remained the same.

On December 5, 1988, an evidentiary hearing was held regarding the confirmation of the debtors' Chapter 13 plan. During oral testimony, it was discovered that

---

1. The debtors have also claimed the property exempt under CCP § 703.140(b)(5). The court notes, however, that this exemption was over- used by the debtor on the two vehicles and is unavailable to be applied towards the lawsuit.

the debtors had received an $8,000 personal injury settlement subsequent to the filing of the Chapter 13 petition. The court ordered that an accounting of the personal injury proceeds be filed, and the balance of the funds to be turned over to the attorney for debtors. The question of disposable income was taken under submission.

On December 8, 1988, the court confirmed the plan as amended by interlineation in open court when the debtors elected to turn over to the trustee, the sum of $1,850 which this court found was necessary to fund the amended plan.

On December 13, 1988, debtors filed a copy of their check register reflecting the disbursements made from the $8,000 in proceeds received from the settlement of the personal injury lawsuit.

### DISCUSSION

11 U.S.C. § 1325(b)(1)(B) provides in pertinent part that all the debtor's projected disposable income to be received in the three year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan. The first payment is due within thirty days of the filing of the petition.

The court has not been informed of exactly when the settlement proceeds were received other than sometime after the filing of the petition. It is presumed that the proceeds were received sometime after the first payment was due under the plan. Unless exempt, these proceeds must be analyzed to determine their status as disposable income.

■■■ A Chapter 13 debtor is entitled to claim the same exemptions allowed a Chapter 7 debtor. *In re Red,* 60 B.R. 113, 116 n. 1 (Bankr.E.D.Tenn.1986) (citing 11 U.S.C. § 103(a); 5 *Collier on Bankruptcy,* para. 1300.81 (15th ed. 1985)). However, no debtor is required to claim an exemption. A Chapter 13 debtor's "property will be subject to the control and authority of the Bankruptcy Court if the debtor (a) voluntarily submits it to the court, (b) fails to claim it as exempt, or (c) if the property

does not qualify as an exemption...." *In re Craig,* 15 B.R. 712, 715 (Bankr.W.D.N.C. 1981). This is in line with § 1322(b)(8) which provides that a plan may "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor". This permits a debtor to voluntarily pay over the proceeds from exempt property to satisfy a claim. 5 *Collier on Bankruptcy,* para. 1322.12 (15th ed. 1987).

■■ California has opted out of the federal exemption scheme, and authorizes a debtor to elect the exemptions contained in California Code of Civil Procedure § 703.140. California Code of Civil Procedure § 703.140(b)(11)(D) provides that a debtor may elect to exempt:

[a] payment, not to exceed seven thousand five hundred dollars ($7,500), on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent.

Debtors have properly claimed this personal injury settlement as exempt.

Aetna, through its attorney, argues that while a personal injury settlement "may be exempt in the context of a typical Chapter 7 case, however in a Chapter 13 matter, said monies should be treated as disposable income...." (P & A in Support of Objections 4:20–23). Aetna cites no authority to support this proposition and its argument is not well taken. It is clear that this personal property settlement is exempt up to the sum of $7,500, and it is not a factor in the disposable income test. Aetna further argues that "[s]ettlement proceeds from personal injury claims are *usually* considered in part as compensation for loss of income" (emphasis added) and speculates that had debtor not suffered her disability her regular income would not have been interrupted and "presumably the filing of this Chapter 13 plan would not have been necessary." (P & A 5:1–6). This is mere speculation unsupported by competent evidence. This court has not been presented with any evidence regarding the nature of the settlement proceeds

and declines to engage in its own speculation.

While the debtors may exempt an appropriate portion of the settlement, any non-exemptable portion would constitute part of the debtor's § 1325(b) "projected disposable income". *In re Red,* 60 B.R. 113, 116 (Bankr.E.D.Tenn.1986). The balance of $500.00 which represents the non-exempt portion of the settlement proceeds must normally be included in the debtors' calculation of disposable income in light of the budgets which were submitted by debtor and relied upon by the court in confirming the plan. These budgets indicated that this personal injury settlement was not reasonably necessary to be extended for the maintenance or support of the debtors or their dependents. However, as was stated above, the debtors have already voluntarily paid over $1,850 from the proceeds to the Chapter 13 trustee. This would encompass any non-exemptable portion of the settlement proceeds.

## CONCLUSION

The debtors may properly exempt the sum of $7,500 of the personal injury settlement proceeds from the calculation of disposable income. The proceeds currently being held by debtors' attorney may be released to the debtors.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for the debtors is directed to file with this court an Order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.