**In re Claire M. STONES, Debtor.**

**Bankruptcy No. 93–03913–M13.**

United States Bankruptcy Court,
S.D. California.

Aug. 23, 1993.

Timothy J. Truxaw, Dickstein & Truxaw, San Diego, CA, for debtor.

Harry W. Heid and Michael Koch, Trustees, San Diego, CA.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Bankruptcy Judge.

This matter is before the Court as the result of a Chapter 13 plan confirmation to which the trustee objected. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

## FACTS

The debtor, Claire M. Stones, has worked for Continental Escrow Company ("Continental") for 18 years. In 1984, Continental instituted a pension plan for its employees. In 1986, Continental amended the plan and obtained approval from the Internal Revenue Service as an ERISA-qualified plan.

Ms. Stones filed her Chapter 13 on April 14, 1993. On April 29, 1993, she filed the remaining schedules which included income and expense schedules showing a net difference of $354.52. At that time she proposed a payment plan of $340 per month. On May 18, 1993, she filed an amended schedule which listed the pension plan as exempt from the estate in the amount of $146,492.81. A plan confirmation hearing was set for July 15, 1993.

The trustee objected to confirmation on the grounds that Ms. Stones has failed to apply all projected disposable income to the plan as required by 11 U.S.C. § 1325(b)(1)(B).[1] More specifically, the trustee argued that the debtor must borrow from the pension plan to fund the Chapter 13 plan.

## ISSUE

Whether a debtor must borrow from an ERISA-qualified pension plan to satisfy the disposable income requirements of § 1325(b)(1)(B).

## DISCUSSION

Section 1325(b)(1)(B) provides that a debtor must apply all "projected disposable income to be received ... to make payments under the plan." Disposable income is defined in § 1325(b)(2)(A) as "income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." This definition is not very helpful because it defines income by using the very term it purports to define. It does imply that the Court must look to the *expenses* to determine

reasonableness. Indeed, that is the approach used by the courts. *See, e.g., In re Greer,* 60 B.R. 547, 553 (Bankr.C.D.Cal. 1986). But the trustee's objection in this case forces the Court to look at the *income* of the debtor to determine if the debtor is exhausting all sources of income.

Ms. Stones argues that she has exhausted her only source of income, her wages. The trustee counters that she has another source, her pension plan. The trustee maintains that Ms. Stones should exhaust that source by borrowing from it to fund the plan. There are at least two problems with the trustee's argument.

First, a bona fide loan is not considered income. *James v. United States,* 366 U.S. 213, 219, 81 S.Ct. 1052, 1055, 6 L.Ed.2d 246 (1961). Although the Supreme Court decided *James* in light of the Internal Revenue Code, that is the most logical choice of federal law to aid in a definition of income, especially when the Bankruptcy Code fails to precisely define the term. Therefore, any money that Ms. Stones borrowed from her pension plan would not be income to her.

This result harmonizes the Bankruptcy Code with the I.R.C. It is necessary that the two titles of the United States Code logically mesh with each other. After all, Congress drafted both titles. In the Bankruptcy Code, Congress chose to define disposable income without specifically defining the key term, "income." One may logically infer that Congress meant for one to look to the I.R.C. for the definition. As stated above, bankruptcy courts have not done so. This neglect has led to inconsistent results. A comparison of two cases will illustrate this inconsistency.

In *In re Tomasso,* 98 B.R. 513 (Bankr. S.D.Cal.1989), the court held that the nonexempt portion of a personal injury settlement was disposable income. *Id.* at 516. The court cited to *In re Red,* 60 B.R. 113 (Bankr.E.D.Tenn.1986) to support this holding. The *Red* court held that the nonexempt portion of tax refunds was disposa-

---

**1.** Hereafter, all references will be to Title 11 of the United States Code unless otherwise speci-

fied.

ble income. *Id.* at 116. Neither court looked to the I.R.C. for guidance. Yet the *Red* court happened to be correct. Tax refunds are income because they are merely the result of an overpayment of income to the government. However, personal injury settlements are excluded from income by I.R.C. § 104(a)(2). Therefore, the *Tomasso* court cited to a proposition for which *Red* did not stand.[2]

The second problem with the trustee's argument is that the corpus of a trust is not subject to attack. *In re Wood*, 23 B.R. 552, 555 (Bankr.E.D.Tenn.1982). The pension plan in *Wood* was an ERISA-qualified plan. *Id.* at 553. The court reasoned that the anti-alienation language in ERISA plans brings them within § 541(c)(2) and excludes them from the property of the estate. *Id.* at 555. The Supreme Court reached the same conclusion in *Patterson v. Shumate*, — U.S. —, —, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992). The Ninth Circuit is in accord. *In re Anderson*, 149 B.R. 591, 594 (9th Cir. BAP1992). The *Wood* court did hold that the *benefits* from an ERISA plan were property of the Chapter 13 estate and could be used to fund the plan. *Wood*, 23 B.R. at 556.[3]

In this case, Ms. Stones has an ERISA-qualified pension plan. Therefore, the funds are not property of the estate and the trustee may not attack the corpus by forcing the debtor to borrow from it. Since Ms. Stones is not receiving benefits from the plan, the *Wood* holding that benefits are property of the estate is inapplicable.

## CONCLUSION

Ms. Stones will not be required to borrow from her ERISA-qualified pension plan to fund the Chapter 13 plan. The trustee's objection to confirmation is overruled. The plan is confirmed.

---

**2.** This is not to say that the ultimate finding in *Tomasso* is incorrect. The non-exempt portion of the personal injury settlement was property of the estate pursuant to § 1306(a)(1). This court merely disagrees with the *Tomasso* court's characterization of the settlement as income.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to FRBP 7052. Counsel for Ms. Stones is directed to prepare an order in conformance with this Memorandum Decision within 10 days from its entry.

---

**3.** If one were to look to the I.R.C. for guidance, the result would be the same. The I.R.C. includes pension benefits in income under I.R.C. § 61(a)(11).