**In re Kevin S. MINOR, Angela D. Minor, Debtors.**

**In re Martin Blaine MILLS, Debtor.**

**Bankruptcy Nos. 94–32069, 94–32796.**

United States Bankruptcy Court,
E.D. Tennessee.

Feb. 7, 1995.

Steve Merritt, Maryville, TN, for debtors Kevin S. Minor and Angela D. Minor.

Richard M. Mayer, Knoxville, TN, for debtor Martin Blaine Mills.

Gwendolyn M. Kerney, Chapter 13 trustee, Knoxville, TN.

## MEMORANDUM ON OBJECTIONS TO AMENDED EXEMPTIONS

RICHARD S. STAIR, Jr., Chief Judge.

The court, for the purpose of resolving common legal issues, has consolidated two objections filed by the Chapter 13 Trustee, one in the joint case of the debtors Kevin S. Minor and Angela D. Minor, and the other in the individual case of Martin Blaine Mills. In both cases, the Trustee objects to exemptions claimed in lump sum awards of workers' compensation benefits.

In the *Minor* case, the debtors commenced their Chapter 13 case on August 19, 1994. The debtors' Chapter 13 Plan, also filed on August 19, 1994, and amended on October 14, 1994, was confirmed on December 14, 1994. Prior to the confirmation of their plan, the debtors filed, on December 7, 1994, an Amendment to their Schedule B, entitled "Personal Property," and Schedule C, entitled "Property Claimed as Exempt," to report and claim as exempt a workers' compensation settlement awarded to Angela Minor for an injury that occurred on May 7, 1993. The Chapter 13 Trustee filed an Objection to Amended Exemption on December 14, 1994, and a Motion by Chapter 13 Trustee for Post–Confirmation Modification of Debtors' Plan on January 17, 1995.

In the *Mills* case, the debtor commenced his Chapter 13 case on November 8, 1994. The debtor's Chapter 13 Plan, also filed on November 8, 1994, was confirmed on December 14, 1994. On the same date, December 14, 1994, the debtor filed an Amendment to his Schedules B and C to report and claim as exempt approximately $22,000 in workers' compensation benefits for an injury that occurred on February 9, 1994. The Chapter 13 Trustee filed an Objection to Amended Exemption on December 21, 1994, and a Motion by Chapter 13 Trustee for Post–Confirmation Modification of Debtor's Plan on January 20, 1995. The debtor filed a Second Amendment to his Schedule C on January 27, 1995, to correct his citation of the Tennessee exemption statute.

A Joint Statement of Issues was filed on January 17, 1995, in the *Minor* case, and on January 20, 1995, in the *Mills* case. Both Statements set forth identical issues: Whether the debtors' workers' compensation settlement awards, which are exempt under state law, constitute property of the estate under 11 U.S.C.A. § 1306(a) (West 1993), or disposable income as defined by 11 U.S.C.A. § 1325(b)(2) (West 1993);[1] and if so, whether the Chapter 13 Trustee may request a modification of the debtors' plans pursuant to 11 U.S.C.A. § 1329 (West 1993) to include workers' compensation benefits for distribution to creditors. The latter issue is reserved for hearing on February 15, 1994.

A hearing was scheduled in each case on the Chapter 13 Trustee's Objection to Amended Exemption for February 1, 1995. At the hearings, the parties announced that all matters would be submitted upon written stipulations. Thereafter on the same date, the parties filed Stipulations of the Parties in Connection with the Trustee's Objection to the Debtor's Amended Exemptions and the Trustee's Motion to Modify (Stipulations). These Stipulations set forth that the Circuit

---

1. As noted in the Trustee's briefs filed in support of her objections and motions, the Joint Statement of Issues filed in each case incorrectly cites § 1325(b)(1)(B) as the section of the Bankruptcy Code that defines disposable income.

Court of Blount County, Tennessee, awarded $10,106.50 in workers' compensation benefits to Angela Minor, $9,378.50 of which she received in a lump sum sometime after October 28, 1994, the deadline set for objections to the Chapter 13 Plan she filed jointly with her husband.[2] It is undisputed that this award was received after payments were commenced under the Minors' plan.[3] The parties also stipulate that the Minors did not disclose to their attorney or the Trustee prior to October 28, 1994, that they were entitled to or would be receiving a workers' compensation settlement.

The parties in the *Mills* case stipulate that the Chancery Court of Knox County, Tennessee, awarded to Martin Mills a workers' compensation settlement totaling $22,000, which he received in a lump sum sometime after December 9, 1994, the deadline set for objections to confirmation of his Chapter 13 Plan.[4] This award, as in the *Minor* case, was also received after payments commenced under the debtor's plan.[5] The parties also stipulate that Mr. Mills did not disclose to his attorney or the Trustee prior to December 9, 1994, that he was entitled to or would be receiving a workers' compensation settlement.

Hearings are scheduled for February 15, 1995, on the Chapter 13 Trustee's motions requesting modification of the debtors' plans. The Chapter 13 Trustee has conceded that workers' compensation settlement awards are exempt under state law. In this Memorandum, the court will resolve the issue of whether workers' compensation settlement awards constitute property of the estate under § 1306(a) or "disposable income" as that term is used in § 1325(b)(1)(B) and defined at § 1325(b)(2).[6] At the February 15, 1995 hearing on the Trustee's motions requesting modification, the court is asked to determine whether the debtors' plans may be modified pursuant to § 1329 to include the disputed

---

**2.** The terms of Angela Minor's workers' compensation settlement are contained in the Final Order of the circuit court, attached to the parties' Stipulations as Exhibit A, which provides in part that

> the plaintiff, ANGELA MINOR, have and recover of the defendant, INSURANCE COMPANY OF NORTH AMERICA, the sum of ... $9,106.50[], representing ... 12½%[] permanent partial disability to the body as a whole, or fifty (50) weeks compensation at the appropriate rate of $182.13 per week, less the credit due defendant for advance permanent partial disability in the amount of ... $728.00[], leaving ... $8,378.50[] to ... be paid directly to the plaintiff and her attorney, Steve Merritt for plaintiff's permanent partial disability. It is further
>
> ORDERED that the plaintiff have and recover ... $1,000[] for possible future medical expenses, which shall also be paid directly to the plaintiff and her attorney.

**3.** The plan was filed on August 19, 1994. Payments were required to commence "within 30 days after the plan [was] filed" or prior to September 18, 1994. 11 U.S.C.A. § 1326(a) (West 1993). Although the parties do not stipulate the date the Minors commenced their plan payments, the court presumes they were commenced in a timely manner.

**4.** The terms of Mr. Mills's workers' compensation settlement are contained in the Decree of the chancery court, attached to the parties' Stipulations as Exhibit A, which provides in part that

> the parties have agreed upon a settlement based upon twenty-two percent (22%) perma-

nent partial disability to the body as a whole, which would result in the payment of eighty-eight weeks of disability benefits at the rate of ... $243.35[] per week, or a total of ... $21,414.40[], plus ... $585.20[] in lieu of any and all future medical benefits of whatever kind, for a total payment to the plaintiff in the amount of ... $22,000.00....

**5.** Mr. Mills filed his plan on November 8, 1994, pursuant to Code § 1326(a) payments commenced prior to December 8, 1994. Although the date plan payments were commenced is not stipulated, the court presumes the initial payment was made timely.

**6.** Section 1325(b)(1) provides in material part:

> If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—
>
> ....
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

11 U.S.C.A. § 1325(b)(1) (West 1993). If the workers' compensation benefits in dispute in these contested proceedings are determined to be disposable income, that income, having been received after the first payment was due under each debtor's plan, should have been considered in determining whether each plan met the disposable income requirement of § 1325(b)(1)(B).

workers' compensation benefits for distribution to creditors. The parties have not raised the issue of whether the debtors received their workers' compensation benefits "in the three-year period beginning on the date that the first payment is due under the plan." 11 U.S.C.A. § 1325(b)(1)(B) (West 1993). That issue may, however, be material to a resolution of the February 15, 1995 hearing.[7]

These are core proceedings. 28 U.S.C.A. § 157(b)(2)(B), (L) (West 1993).

## I

The Trustee argues that a workers' compensation settlement award is property of the estate and should be included in disposable income as defined by § 1325(b)(2) of the Bankruptcy Code, which provides:

(2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

11 U.S.C.A. § 1325(b)(2) (West 1993). Mr. Mills, in his brief, concedes "that exempt income should be included in the determination of whether the disposable income test of 11 U.S.C. § 1325 has been met," but that "exempt assets [should not be included] in determining whether the Debtor has satisfied the confirmation test under 11 U.S.C. § 1325." The Minors argue in their brief that exempt property should be excluded from disposable income.[8] The debtors in both cases premise their arguments on the fact that they have each claimed an exemption for workers' compensation benefits under Tennessee law, which provides, "No claim for compensation under this chapter[,

entitled "Workers' Compensation,"] shall be assignable, and all compensation and claims therefor shall be exempt from claims of creditors." Tenn.Code Ann. § 50–6–223(a) (1991).

The court makes no distinction between "the disposable income test" and "the confirmation test" for purposes of determining whether exempt income is included in disposable income as defined by § 1325(b)(2). Despite Mr. Mills's concession, the court will address the Mills's issues set forth in the Joint Statement of Issues.

## II

■ The first issue, whether exempt property constitutes property of the estate under § 1306, is easily resolved by application of the Bankruptcy Code, although the resolution of this issue arguably has no effect in a determination of whether exempt income is included in disposable income. See In re Solomon, 166 B.R. 832, 841 (Bankr.D.Md.) ("There is ... nothing in 11 U.S.C. § 1325(b) that requires the source of income that is taken into account in determining disposable income to be property of the bankruptcy estate."), aff'd, 173 B.R. 325 (D.Md.1994). Section 541(a)(1) of the Bankruptcy Code generally defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541(a)(1) (West 1993). Section 1306 broadens this definition for purposes of Chapter 13 to include all property acquired and all "earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted." § 1306(a). Under the statutory definitions, Mr. Mills's claim and the Minors' claim for workers' compensation, which existed at the commencement of each debtor's respective case, clearly constitute property of the estate, unless an exclusion applies as set forth in Bankruptcy Code § 541(b), (c), or (d).[9] See In re

---

7. See supra notes 3 and 5.

8. The Minors contend that the settlement award is needed to meet the normal daily living expenses of their family. This argument provides no support for their contention that exempt income should be excluded from disposable in-

come regardless of whether it is needed for the reasons set forth in § 1325(b)(2).

9. Section 541(b), (c), and (d) excludes the following items from property of the estate: (1) "any power that the debtor may exercise solely for the

*Yonikus,* 996 F.2d 866, 870 (7th Cir.1993) (including workers' compensation claim as property of the estate). *See generally* 4 *Collier on Bankruptcy* ¶ 541.06 to .10 (15th ed. 1994). None of the debtors have introduced evidence regarding the application of an exclusion under § 541(b), (c), or (d).

■ Arguably, the workers' compensation awards may not be property of the estate under 11 U.S.C.A. § 1327(b) (West 1993), which provides, "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." However, the confirmation order entered in each of the two cases, taken together with the plan in each case, sets forth that property of the estate does not vest in the debtor until completion of the plan; therefore, the awards remain property of the estate despite confirmation of the debtors' plans. Furthermore, the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991), stated, "No property can be exempted ... unless it first falls *within* the bankruptcy estate." *See In re Schnabel,* 153 B.R. 809, 813 (Bankr.N.D.Ill.1993). The parties, by agreeing that the workers' compensation awards are exempt property, have conceded that the awards were first property of the estate for purposes of the Trustee's objections, and accordingly, the court holds that the workers' compensation awards are property of the estate that have been exempted under Tenn.Code Ann. § 50-6-223(a), but which are not excluded under § 541(b), (c), or (d).

### III

■ Several courts have recently addressed the second issue that the court is called upon to resolve, whether an exemption affects a debtor's plan under Chapter 13, or more specifically, whether a workers' com-

pensation settlement award is included in disposable income as defined by § 1325(b)(2). In a well-reasoned opinion by the Bankruptcy Court for the Northern District of Illinois, the court held that although social security and pension benefits are exempt under state law, they must be included in disposable income as defined by § 1325(b)(2). *Schnabel,* 153 B.R. at 817. The court reasoned that the language of § 1325(b) does not expressly or implicitly "qualify income by reference to its exempt status," and to allow a debtor

> to use his exempt income to attain Chapter 13's broad discharge, without the corollary requirement to use it to pay creditors as much as he is able, would contravene the express purpose of the statute—namely, that the debtor make payments under a plan. "The purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period."
>
>     . . . .
>
> ... Allowing debtors with exempt income to exclude it from the amount they are required to pay under a Chapter 13 plan would thwart the legislative intent that consumer lenders be able to look to the debtor's future income as a basis for consumer loans.

*Id.* at 815, 817–18 (citations omitted) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6079); *see* 2 Keith M. Lundin, *Chapter 13 Bankruptcy* § 5.35 (2d ed. 1994) ("There is no mention of exemptions from projected disposable income in § 1325(b)(2).").

The Illinois Bankruptcy Court also based its decision to include exempt income in disposable income on a comparison of § 522(d)(10)(E) [10] and § 1325(b)(2):

benefit of an entity other than the debtor"; (2) certain leasehold interests of the debtor; (3) "any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 ... or any accreditation status or State licensure of the debtor as an educational institution"; (4) certain interests of the debtor in liquid or gaseous hydrocarbons; (5) "beneficial interest[s]" of the debtor in certain types of trusts; and (6) equitable interests in property to

which the debtor only holds legal title. 11 U.S.C.A. § 541(b)–(d) (West 1993). The Bankruptcy Reform Act of 1994 added additional exclusions, none of which are applicable to these cases.

10. Section 522(d)(10)(E) allows a debtor claiming the federal exemptions to exempt his or her "right to receive ... a payment under a stock bonus, pension, profitsharing, annuity, or similar

"Section 522(d)(10)(E) and section 1325(b)(2)(A) are similar in so far as they both provide the opportunity for a debtor to retain certain income for his or her own needs. In doing so, they both limit the extent of this retention to that which is reasonably necessary for the maintenance or support of the debtor or a dependent of the debtor. In view of this essential similarity between the two sections, I think the standard to be applied under them should be the same. Furthermore, as I see it, the purpose of Chapter 13 is to provide the maximum recovery to creditors while at the same time leaving the debtor sufficient money to pay for his or her basic living expenses. The 'reasonably necessary' standard [that requires the court to include other income and exempt property of the debtor] ... is in accord with my views. Accordingly, I am adopting that standard and applying it to the present matter arising under 11 U.S.C. § 1325(b)."

*Id.* at 817 (citation omitted) (quoting *In re Jones,* 55 B.R. 462, 466 (Bankr.D.Minn. 1985)).

As explained by the Trustee in her briefs, numerous courts have adopted the reasoning and holding of the Illinois bankruptcy court in *Schnabel. See Watters v. McRoberts,* 167 B.R. 146 (S.D.Ill.1994) (personal injury recovery);[11] *In re Jackson,* 173 B.R. 168 (Bankr.E.D.Mo.1994) (workers' compensation settlement); *In re Hagel,* 171 B.R. 686 (Bankr.D.Mont.1994) (social security disability benefits); *In re Rogers,* 168 B.R. 806 (Bankr.M.D.Ga.1993) (U.S. Naval retirement benefits); *In re Solomon,* 166 B.R. at 832 (exempt individual retirement account); *In re Morse,* 164 B.R. 651 (Bankr.E.D.Wash. 1994) (social security benefits, U.S. Army pension, and National Guard pension).

Conversely, the Minors have cited no authority and Mr. Mills has cited little authority to support the contention that exempt income is not included in disposable income. One case cited by Mr. Mills in his brief and by the bankruptcy court in *Schnabel* as supporting the proposition that exempt income is not included in disposable income is this court's decision in *In re Red,* 60 B.R. 113 (Bankr.E.D.Tenn.1986). *See Schnabel,* 153 B.R. at 815.

This court in *Red,* speaking through Judge Clive W. Bare, held that the exempt portion of a debtor's tax refund allocable to her prepetition earnings was not included in disposable income notwithstanding that the refund was to be received during the three-year plan period, but that the debtor's nonexempt tax refunds associated with postpetition earnings were included. 60 B.R. at 116 & n. 1. Following *Red,* this court held in an unreported opinion "that upon objection by an unsecured creditor or the trustee the debtor's tax refunds attributable to future income must be factored in," and that the debtor is "required to provide for the payment of a tax refund attributable to future income to the trustee." *In re Lee,* Ch. 13 Case No. 3–88–02376, slip op. at 15 (Bankr. E.D.Tenn. filed Dec. 15, 1988). This court overrules its holding in *Red* to the extent that decision may be construed as authority for the proposition that exempt income should be excluded from disposable income regardless of whether the time limitation of § 1325(b)(1)(B) or the provisions of § 1325(b)(2) apply. Concluding otherwise could result in a debtor being allowed to exclude from disposable income 75% of his or her wages presently exempt from garnishment under Tenn.Code Ann. § 26–2–106 (1980); exclude accident, health, or disability insurance benefits presently exempt under

plan or contract ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor," unless certain exclusions apply. 11 U.S.C.A. § 522(d)(10)(E) (West 1993).

11. Interestingly, the court in *Watters* was unpersuaded by the debtors' reasoning that this conclusion [of including exempt income in disposable income] results in unfairly penalizing the debtors for filing a Chapter 13 proceed-

ing, rather than filing a Chapter 7 proceeding. The significant factor to be considered is the *choice* made by the debtors in filing the Chapter 13, as opposed to Chapter 7. Through filing a Chapter 13 proceeding, the debtors receive a number of advantages, (e.g. better credit reports subsequent to the proceeding, different discharge provisions), than they would under the provisions of Chapter 7. 167 B.R. at 147.

Tenn.Code Ann. § 26–2–110 (1980); or exclude items of income such as social security benefits, unemployment compensation, local public assistance benefits, and veterans' benefits presently exempt under state or federal law. *See, e.g.,* Tenn.Code Ann. § 26–2–111 (Supp.1994).

In the second case cited in Mr. Mills's brief, *In re Stones,* 157 B.R. 669 (Bankr. S.D.Cal.1993), the court held that a debtor is not required to borrow from an ERISA-qualified pension plan to satisfy the disposable income requirements of § 1325(b)(1)(B). The court reasoned that the pension plan was excluded from the property of the estate under § 541(c)(2) [12] and any money borrowed from it would not be income under § 1325(b) because "a bona fide loan is not considered income." *Id.* at 670–71. The *Stones* case is inapplicable to the issues and facts in the two cases before the court. The Trustee has asserted that workers' compensation benefits received not as a loan but in settlement of a claim are to be included in disposable income as defined by § 1325(b)(2). Moreover, as previously determined, workers' compensation benefits are property of the estate, exemptible under Tennessee law but not excluded under § 541(b), (c), or (d).

The Minors also argue in their brief that including exempt income in disposable income abrogates the intent of the Tennessee Legislature and Congress that property exempted should not be available to satisfy the debtor's debts that arose or are deemed to have arisen before the commencement of the case. *See* 11 U.S.C.A. § 522(c) (West 1993). However, the Minors fail to consider that the purpose of Chapter 13 under the Bankruptcy Code " 'is to provide the maximum recovery to creditors while at the same time leaving the debtor sufficient money to pay for his or her basic living expenses.' " *Schnabel,* 153 B.R. at 817 (quoting *Jones,* 55 B.R. at 466). The debtors also overlook that the definition of disposable income allows an exclusion for income "reasonably necessary ... for the maintenance or support of the debtor or a

dependent of the debtor" and for income "reasonably necessary ... for the continuation, preservation, and operation of [the debtor's] business." § 1325(b)(2)(A)–(B). These exclusions from disposable income serve the same purpose as exemptions, that is to protect the debtors from becoming indigent. *See Solomon,* 166 B.R. at 839.

■ Moreover, § 1325(b)(2), in defining disposable income, makes no exception for exempt income. Where a statute is clear, the debtor proposing a limitation or restriction to the statute "bears an 'exceptionally heavy' burden of persuading [the court] that Congress intended" one. *Patterson v. Shumate,* 504 U.S. 753, ——, 112 S.Ct. 2242, 2248, 119 L.Ed.2d 519 (1992) (quoting *Union Bank v. Wolas,* 502 U.S. 151, 156, 112 S.Ct. 527, 530, 116 L.Ed.2d 514 (1991)). The debtors·have not met their burden of persuasion, especially in light of the numerous cases in which courts have held that exempt income is included in disposable income.

■ Arguably, a lump-sum workers' compensation settlement award is not considered "income" as the term is used in § 1325(b)(2) because it is not regularly or periodically received by the debtor. However, Judge Lundin explains in his Chapter 13 treatise:

> The term "income" is ... not defined by the Code. This undefined term does appear several other places in Chapter 13, and its lack of clear meaning creates some problems for § 1325(b) purposes....
>
> . . . .
>
> There is nothing in the Code to require that income be regular or periodic for § 1325(b) purposes., Compare the *"regular* income" requirement for eligibility in 11 U.S.C. §§ 109(e) and 101(29).[13]

2 Lundin, *supra,* § 5.35 (footnote omitted). The debtors have not met the "exceptionally heavy" burden of persuading the court that Congress intended to limit or restrict the statute to only include periodic or regular income in disposable income, and the court,

---

**12.** *See Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (Debtors' interest in ERISA-qualified pension plan is excluded from property of the estate under § 541(c)(2).).

**13.** Now § 101(30).

accordingly, holds that a lump-sum workers' compensation settlement award is an item of "income" as the term is used in § 1325(b)(2). Moreover, the settlement awards received by Mr. Mills and Mrs. Minor, although in a lump sum, were based primarily on weekly disability benefits which would otherwise have been paid each debtor during the period of his or her plan.[14] The court cannot adopt a definition of income that would allow debtors receiving disability payments in a lump sum to be treated differently from those receiving the payments periodically.

Based on the foregoing findings of fact and conclusions of law, the Chapter 13 Trustee's Objection to Amended Exemption filed in each of the two cases before the court will be sustained to the extent the Trustee seeks to include in property of the estate and in the calculation of disposable income as defined by § 1325(b)(2) a workers' compensation settlement award that is "to be received in the three-year period beginning on the date that the first payment is due under the plan" and that "is not reasonably necessary to be expended—(A) for the maintenance or support of the debtor or a dependent of the debtor; and (B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business." The Chapter 13 Trustee's Objection to Amended Exemption filed in each of the two cases will be overruled to the extent it seeks a ruling that each debtor is not entitled to exempt his or her workers' compensation settlement award under state law. Separate orders will be entered in each case.

---

**14.** *See supra* notes 2 and 4.