MERRITT, Chief Judge.
 

 This appeal raises the question of whether a debtor who has filed for and had a plan approved for Chapter 13 bankruptcy may amend her bankruptcy petition to exclude an unexpected tax refund: Is such an unexpected refund “projected disposable income” under Chapter 13 that must be turned over to the plan for distribution to creditors? Debt- or argues that because the tax refund resulted from income earned before she filed her bankruptcy petition it should be exempt under Tennessee law. The Trustee disagrees and contends that the refund’s status under state law is irrelevant. Although the cases on this issue are confused, in this Circuit a tax refund is not automatically exempt from distribution to creditors, even if based on pre-petition income. The inquiry as to whether any income, from whatever source, should be included in the plan funds is based on the application of language of the bankruptcy statute, not on state law. Accordingly, the decision of the District Court is affirmed.
 

 I.
 

 The facts in this case are not in dispute. Debtor and Appellant here, Genevieve Bizzell Freeman, along -with her husband who is not an appellant herein, filed for Chapter 13 bankruptcy on December 22,1993. The purpose of Chapter 13 of the Bankruptcy Code is to provide the maximum recovery to creditors while at the same time leaving the debt- or sufficient money to pay for his or her basic living expenses. Under Chapter 13 bankruptcy, the debtor must propose to pay unsecured creditors not less than the creditors would receive under Chapter 7 liquidation and not more than the debtor is able to pay. Generally the debtor must have a steady job and make arrangements to pay periodically a certain amount to creditors.
 

 The debtors’ Chapter 13 plan called for semi-monthly payments of $158.50 and, in addition, payment into the plan of all income tax refunds due to the debtors for a three-year period. Debtors claimed an exemption in their bankruptcy filing in the amount of $200, the expected amount of their federal income tax refund for calendar year 1993. The debtors’ Chapter 13 plan was confirmed by the bankruptcy court in February 1994.
 

 Subsequent to the confirmation of their Chapter 13 plan, debtors discovered that the federal tax refund they would be receiving for 1993 was between $1200 and $1500, larger than they had previously anticipated. The debtors then moved to amend the approved plan to exempt the portion of the tax refund representing “exempt property,” as defined in the Tennessee Code. Section 26-2-102 of the Tennessee Code allows for a maximum exemption in bankruptcy filings of $4,000 for personal property. The debtors claim that
 
 *480
 
 the bulk (97.53%)
 
 [1]
 
 of the 1993 refund is “exempt property” under the Tennessee Code because it came from income earned prior to December 22, 1993, the date on which the debtors filed for bankruptcy. The Trustee objected to the amendment on the ground that the proposed modification violated the requirement under 11 U.S.C. § 1325(b) that all of the debtor’s “projected disposable income” to be received during the pendency of the plan must be applied to make payments under the plan regardless of whether it qualifies as “exempt property” under Tennessee law. The bankruptcy court denied the motion to amend because it found that any tax refund in excess of the originally claimed $200 was “projected disposable income” under Section 1325(b)(1)(B) and therefore must be applied to the plan.
 
 In re Freeman,
 
 No. 393-09821 (Bankr.M.D.Tenn. Aug. 1, 1994) at 2-3. The District Court affirmed on the same ground.
 
 In re Freeman,
 
 No. 3:94-0727 (M.D.Tenn. Oct. 27, 1994). Debtor appealed the denial of the motion to amend the plan to this Court.
 

 II.
 

 This case involves the statutory construction of Section 1325 of the bankruptcy code. 11 U.S.C. § 1325. The issue is whether the tax refund received by debtor, which turned out to be larger than the debtor anticipated when she agreed to turn over all tax refunds due her during the three-year period following the bankruptcy filing, can be “projected disposable income” under the statute and therefore eligible for inclusion in estate property that may be distributed to creditors.
 

 The bankruptcy code defines “disposable income” for purposes of Chapter 13 as follows:
 

 income which is received by the debtor and which is not reasonably necessary to be expended—
 

 (A) for the maintenance or support of the debtor or a dependent of the debt- or;....
 

 11 U.S.C. § 1325(b)(2)(A). Also applicable to the case here is the section of the statute that states:
 

 [i]f the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan [or amendment of a plan as in this case], then the court may not approve the plan unless ...
 

 (B) the plan provides that all of the debtor’s projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.
 

 Id.
 
 § 1325(b)(1)(B). The plain language of the statute makes no express or implied reference to the exempt status of income under state law.
 

 We also look to how other courts have interpreted this statute. The courts are not uniform in their treatment of this matter; there is disparity even within certain circuits. Although this Court has not yet ruled on the specific issue of the exempt status of tax refunds, courts in the Sixth Circuit that have addressed this issue have found that the “projected disposable income” language of section 1325(b) does not expressly or implicitly qualify income by reference to its exempt status under state law.
 
 See In re Minor,
 
 177 B.R. 576, 579 (E.D.Tenn.1995) (workers’ compensation benefits are included as disposable income even though exempt under state law);
 
 In re Howell,
 
 4 B.R. 102, 106 (Bankr.M.D.Tenn.1980) (same);
 
 see also
 
 2 K.M. Lundin,
 
 Chapter 13 Bankruptcy
 
 § 5.35 (2d ed. 1994) (“There is no mention of exemptions from projected disposable income in § 1325(b)(2).”). Other circuits agree with this reasoning and have found income typically characterized as “exempt” under state law to be included in “disposable income” for purposes of Chapter 13.
 
 See, e.g., In re Hagel,
 
 184 B.R. 793 (9th Cir. BAP 1995) (social security disability benefits);
 
 Watters v. McRoberts,
 
 167 B.R. 146 (S.D.Ill.1994) (pre-petition personal injury award);
 
 In re Schnabel,
 
 153 B.R. 809 (Bankr.N.D.Ill.1993) (social security and pension benefits);
 
 In re Sassower,
 
 76 B.R. 957 (Bankr.S.D.N.Y.1987)
 
 *481
 
 (wages, investments, pensions, social security, welfare, unemployment benefits);
 
 In re Taylor,
 
 15 B.R. 596 (Bankr.D.Ariz.1981) (child support). Tax refunds have specifically been held not to be exempt property under Chapter 13.
 
 In re Cochran,
 
 141 B.R. 270 (M.D.Ga.1992).
 

 Other courts have held to the contrary, although they are in the minority. A court in the Ninth Circuit held without discussion that income exempt from taxes under state law is excluded from disposable income.
 
 In re Tomasso,
 
 98 B.R. 513 (Bankr.S.D.Cal.1989). The later decision of the Ninth Circuit bankruptcy panel,
 
 In re Hagel,
 
 184 B.R. 793 (9th Cir. BAP 1995), distinguished
 
 Tomasso.
 

 The Eighth Circuit is in some confusion on the issue. One panel of the circuit found in a Chapter 12 case that income exempt from attachment by creditors under state law is not disposable income.
 
 In re Berger,
 
 61 F.3d 624 (8th Cir.1995).
 
 Accord In re Koch,
 
 187 B.R. 664 (D.S.D.1995);
 
 In re Brady,
 
 86 B.R. 616 (W.D.Mo.1987) (social security benefits are not disposable income and could not be used to fund a Chapter 13 plan).
 
 But see In re Walton,
 
 866 F.2d 981, 984 n. 7 (8th Cir.1989);
 
 In re Jackson,
 
 173 B.R. 168, 171 (Bankr.E.D.Mo.1994) (workers’ compensation benefits, even though exempt, are disposable income).
 

 Courts in the Sixth Circuit also have reached inconsistent results. The debtor here relies on an overruled case,
 
 In re Red,
 
 60 B.R. 113 (Bankr.E.D.Tenn.1986), where the debtor, like the debtor here, sought to exempt under state law a portion of a tax refund due in her first plan year. The
 
 Red
 
 court found that the provision in the plan allowing the debtor to retain all future tax refunds violated section 1325(b) because it allowed the debtor to retain “projected disposable income.” The district court, however, found that the debtor could exempt an appropriate portion of her refund for the calendar year in which she filed for bankruptcy.
 
 Id.
 
 at 116.
 
 Red
 
 was overruled by
 
 In re Minor,
 
 177 B.R. 576 (E.D.Tenn.1995).
 
 Minor
 
 held that it overruled
 
 Red
 
 to the extent that
 
 Red
 
 held that exempt income could be excluded from disposable income
 
 regardless of whether the provisions of section 1325 apply;
 
 that is, the time limitations of section 1325(b)(1)(B) (“all of the debtor’s projected disposable income to be received in the three-year period
 
 beginning on the date that the first payment is due under the plan
 
 will be applied to make payments under the plan”) or the requirement of section 1325(b)(2) (that “disposable income” means income that is not reasonably necessary to be expended “for the maintenance or support of the debtor or a dependent of the debtor”). The
 
 Minor
 
 court held that if the provisions of section 1325(b) apply, income that would be otherwise exempt under Tennessee law can still be “disposable income” for purposes of Chapter 13.
 

 After
 
 Minor,
 
 therefore, the inquiry is fact-based and is dependent on the findings of the court as to whether the provisions of § 1325(b) are met: (1) was the tax refund “projected disposable income” as of the date the first payment was due under the plan (§ 1325(b)(1)(B)) and (2) was it “reasonably necessary” for the debtor to expend the tax refund for the maintenance or support of the debtor or a dependent of the debtor. The inquiry does not turn in any way on whether the income was “exempt” under Tennessee law. Because the debtor relies on the portion of
 
 Red
 
 that was overruled by
 
 Minor,
 
 the debtor’s argument that the tax refund is automatically “exempt” income is unavailing.
 

 “Disposable income” under section 1325 is to be interpreted broadly in this Circuit. In this case, as a factual matter, the debtor had specifically identified that tax refunds should go to the plan and made no argument that the funds were needed for “maintenance and support” of the debtor or her dependents. The income therefore qualifies as “projected disposable income” under section 1325. Situations may arise where a debtor did not specifically list tax refunds for inclusion in the plan and those situations would need to be examined on a case-by-case basis to decide whether a tax refund arising from pre-petition income qualified as “projected disposable income.”
 

 The Trustee also raises an issue about whether the motion to amend the plan
 
 *482
 
 was made in good faith as required by the statute. Given the conflict in the case law and the existence of the
 
 In re Red
 
 case, which had not yet been overruled, it does not appear that the motion can be held to be not in good faith, and we affirm the District Court on that issue as well.
 

 Because the debtor made no argument that the excess refund amount was necessary for the debtor’s maintenance or support and in light of the fact that she had agreed that all tax refunds would go to the plan to repay creditors, the decision of the District Court is affirmed.
 

 [1]
 

 . Debtors arrive at 97.53% by dividing 356 (December 22, the day debtors made their bankruptcy filing, is the 356th day of the year) by 365 (the number of days in the year).