### In the Matter of Patricia TALLEY, Debtor.

**Bankruptcy No. BK99–80207.**

United States Bankruptcy Court. D. Nebraska.

Oct. 7, 1999.

Van Schroeder, Bellevue, NE, Attorney for debtor.

Kathleen Laughlin, Omaha, NE, Chapter 13 Trustee.

### *MEMORANDUM*

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on the Amended Plan and Resistance by the Trustee. Appearances: Van Schroeder for the debtor and Kathleen Laughlin as Chapter 13 Trustee. This memorandum contains findings of fact and conclusions of law required by Fed. Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(L).

#### Facts

Debtor Patricia Talley filed for Chapter 13 relief on February 4, 1999. Talley, a retiree, is sixty-six years old. On her schedules, she listed $34,689.53 in unsecured debt and $497.68 in secured debt. Additionally, her income schedules listed Social Security benefits of $741.00 per month, Nebraska State Employees Retirement Pension of $513.94 per month, and a Pebsco Deferred Compensation Plan ("Pebsco") for which no amount was listed. Talley receives income from the Pebsco Plan once a year in the sum of $6,000.00. Subsequent to filing, Talley's Social Security benefits were increased to $817.83 a month. Talley's payment under the proposed plan equals $394.00 a month and pays unsecured creditors a total $14,184.00

over the three years of the Chapter 13 plan.

The Trustee contests confirmation of the Chapter 13 plan arguing that the debtor should be paying $576.83 in additional disposable income to reflect the amount she now receives from Social Security and Pebsco. Conversely, Talley argues that the amount received from the Pebsco Plan is either exempt or is not property of the estate and, therefore, not disposable income.

## Decision

The money received by Talley from the Pebsco Plan must be included in the calculation of "disposable income" for Chapter 13 purposes.

## Conclusions of Law

■ The Code, at 11 U.S.C. § 1325, provides that a court may refuse to confirm a Chapter 13 plan where the Trustee objects to confirmation and the plan does not provide that all the debtor's projected disposable income will be applied to fund the plan. 11 U.S.C. § 1325(b)(1)(B). Further, 11 U.S.C. § 1325(b)(2)(A) defines "disposable income" as "income received by the debtor which is not reasonably necessary to be expended ... for the maintenance or support of a debtor or a dependent of the debtor."

■ Although Section 541(c)(2) provides an exclusion from property of the estate for property in which "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under non-bankruptcy law," there is no language in Section 1325 from which one can infer that the term "disposable income" is limited to revenue received from property of the estate or non-exempt income. See 11 U.S.C. § 1325, *In re Solomon*, 166 B.R. 832, 841 (Bankr.D.Md.1994). Therefore, the status of the property, whether property of the estate, but exempt, or not property of the estate, which is the source of the revenue, is not relevant for determining whether the revenue received by the debtor should be included in disposable income. *In re*

*Koch*, 109 F.3d 1285 (8th Cir.1997); *In re Freeman*, 86 F.3d 478 (6th Cir.1996); *Regan v. Ross*, 691 F.2d 81 (2nd Cir.1982); *In re Hammonds*, 729 F.2d 1391 (11th Cir.1984); *In re Hagel*, 184 B.R. 793 (9th Cir. BAP 1995); *In re Minor*, 177 B.R. 576 (Bankr.E.D.Tenn.1995); *In re Rogers*, 168 B.R. 806 (Bankr.M.D.Ga.1993); *In re Schnabel*, 153 B.R. 809 (Bankr.S.D.N.Y. 1993); *In re Sassower*, 76 B.R. 957 (Bankr. S.D.N.Y.1987); *In re Wood*, 23 B.R. 552 (Bankr.E.D.Tenn.1982); But see *In re Tomasso*, 98 B.R. 513 (Bankr.Cal.1989).

In this case, the corpus of the Pebsco Plan, which is an employer-provided deferred compensation plan, may be exempt property or may not be property of the estate at all. Once revenue is received from the plan administrator by the debtor, the case law is clear that such revenue should be included in the calculation of disposable income. *In re Koch*, 109 F.3d at 1289 (workers compensation); *In re Freeman*, 86 F.3d at 480–81 (tax refunds); *Regan v. Ross*, 691 F.2d at 83 (pension benefits); *In re Hammonds*, 729 F.2d at 1393 (AFDC benefits), *In re Hagel*, 184 B.R. at 796 (Social Security benefits); *In re Minor*, 177 B.R. at 579 (workers compensation); *In re Rogers*, 168 B.R. at 810 (naval retirement benefits); *In re Schnabel*, 153 B.R. at 815 (Social Security and pension benefits); *In re Sassower*, 76 B.R. at 960 (pension, welfare and unemployment benefits); *In re Wood*, 23 B.R. at 555 (ERISA qualified plan disbursements).

Accordingly, although Talley's interest in the Pebsco Plan may not be property of the estate, the $6,000.00 she receives annually from the Pebsco Plan should be included in her calculation of disposable income. Further, because she did not include the income when formulating her Chapter 13 plan, it is not evident what amount of this income is necessary for the support and maintenance of the debtor. Therefore, Talley's Chapter 13 plan and budget must be amended to include both the increase of Social Security she is receiving and the Pebsco Plan payout

amount she receives each February and for her amendment to include actual current expense figures.