REINHARDT, Circuit Judge:
 

 I. INTRODUCTION
 

 This ease involves the question whether the Bankruptcy Appellate Panel (“BAP”) properly directed that a bankruptcy court order be dismissed for lack of jurisdiction. The BAP held that (i) the bankruptcy court lacked jurisdiction to turn over the sale proceeds of the debtor’s homestead property to his ex-wife’s lawyer, but that (ii) it was nevertheless proper for the lawyer to keep the funds that had already been given to him. We affirm the first holding of the BAP, but modify the second and remand for further proceedings.
 

 
 *1410
 
 II. BACKGROUND
 

 Debtor George E. Graziadei (“George”) divorced his wife, Marlys Graziadéi (“Marlys”), while he was going through Chapter 11 bankruptcy proceedings. At the conclusion of the divorce proceedings, the state court ordered George to pay $23,365.20 in attorney’s fees to Marlys’ lawyer.
 

 However, the state court failed to resolve the precise
 
 manner
 
 in which the $23,365.20 would be paid. The court held that if it had jurisdiction over George’s homestead, then the fees would come out of the sale of such property. If it lacked jurisdiction over George’s homestead, the court “recommended” that the federal bankruptcy court proceed in the same fashion.
 
 [1]
 
 However, the state court never decided whether it in fact had jurisdiction over George’s homestead.
 

 At the conclusion of the bankruptcy proceedings, the federal bankruptcy court resolved the jurisdictional question. The bankruptcy court held that it — and not the state court — had jurisdiction over George’s homestead. The bankruptcy court followed the state court’s recommendation, however, and ordered the Chapter 7 Trustee (“Trustee”) to turn over $23,365.20 from the sale proceeds of such property to Marlys’ lawyer.
 

 Upon appeal, the BAP reversed the bankruptcy court’s holding that it had jurisdiction over George’s homestead. However, it declined to order Marlys’ lawyer to return the $23,365.20 to the Trustee. The BAP merely concluded that “[W]e leave the parties as they now stand, with the funds remaining in the hands of the attorney, with no further order with regard to their disposition.”
 

 III. ANALYSIS
 

 A Bankruptcy Court Jurisdiction
 

 We affirm the part of the BAP judgment that vacates the bankruptcy court judgment for lack of subject matter jurisdiction. We have clearly held that a bankruptcy court has “no jurisdiction” over homestead property and that such property “cannot be administered by the bankruptcy court.”
 
 See In re Browne,
 
 462 F.2d 129, 132 (9th Cir.1972); 28 U.S.C. § 1334(b).
 
 [2]
 

 State law generally determines whether a property is homestead property.
 
 See In re Browne,
 
 462 F.2d at 132.
 
 [3]
 
 Under Nevada law, a debtor is entitled to up to a $95,000.00 exemption in his home.
 
 See
 
 Nev. Rev.Stat. § 21.090(l)(m). • The fact that a home is subsequently sold does not alter the debtor’s entitlement to such an amount.
 
 See In re Herman,
 
 120 B.R. 127, 130 (9th Cir. BAP 1990) (“[A]ny post-petition disposition of the property or post-petition change in the identity of the property into proceeds has no impact upon the exemption analysis.”).
 

 Here, the state court awarded George a $40,000.00 exemption in his home during the divorce proceedings. Under Nevada law, this award falls within George’s $95,000.00 homestead exemption.
 
 See
 
 Nev.Rev.Stat. § 21.090(l)(m). As noted above, the subsequent sale of George’s home does not alter the exemption analysis. Because the sale proceeds of George’s home fell within the homestead exemption he was awarded, the bankruptcy court lacked jurisdiction to order the Trustee to turn those funds over to a third party.
 
 [4]
 

 
 *1411
 
 B.
 
 Disposition of the Proceeds
 

 However, we modify the part of the BAP decision that declined to order Marlys’ lawyer to return the $23,365.20 to the Trustee. We have held that “[i]t is well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter.”
 
 Watts v. Pinckney,
 
 752 F.2d 406, 409 (9th Cir.1985) (internal quotes and emphasis deleted). “A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside.”
 
 Id.
 
 at 410 (internal quotes deleted).
 

 Here, the bankruptcy court lacked subject matter jurisdiction to order the Trustee to pay the $23,365.20 from George’s homestead property. Accordingly, the bankruptcy court’s order is void, and we must set it aside. When we hold an order void, we must, if requested, undo the effect of that order and restore the parties to the
 
 status quo ante. Id.
 
 at 409-10. Accordingly, Mar-lys’ lawyer must return the funds to the Trustee. The Trustee shall dispose of the funds in the manner required by law.
 

 TV. CONCLUSION
 

 We affirm the BAP with respect to the jurisdictional issue, modify its judgment with respect to the disposition of funds issue, and remand for further proceedings not inconsistent with this opinion.
 

 AFFIRMED in part, MODIFIED in part, and REMANDED.
 

 [1]
 

 . The Nevada Supreme Court ultimately affirmed the judgment of the state court.
 

 [2]
 

 . This is because a bankruptcy court only has jurisdiction over matters that could "conceivably have any effect” on the estate.
 
 See In re Fietz,
 
 852 F.2d 455, 457 (9th Cir.1988) (applying 28 U.S.C. § 1334(b)). An action relating to homestead property could not “conceivably have any effect” on the estate because such property is exempt from the estate. Accordingly, the bankruptcy court lacks jurisdiction over such property.
 
 See also In re Turner,
 
 724 F.2d 338, 341 (2d Cir.1983) (Friendly, J.) (same).
 

 [3]
 

 . Federal statutory law provides for a standard homestead exemption.
 
 See
 
 11 U.S.C. § 522(d). However, states are free to "opt out” of the federal exemption,
 
 id.
 
 § 522(b)(1), and most have done so. Nevada is one of those states.
 
 See
 
 Nev.Rev.Stat. § 21.090(3). Accordingly, state law controls in this case.
 

 [4]
 

 . On cross-appeal, Marlys' lawyer argues that George is barred from using the homestead exemption as a defense under the doctrine announced in
 
 Breedlove v. Breedlove,
 
 100 Nev. 606, 691 P.2d 426 (1984). We reject this argument. In
 
 Breedlove,
 
 the Nevada Supreme Court held that a debtor is barred from using the homestead exemption as a defense against making support
 
 *1411
 
 payments to an
 
 ex-spouse.
 
 (The court reasoned that the homestead exemption’s very purpose was to support
 
 family members
 
 of the debtor.) By contrast, this case does not involve payments to an ex-spouse, but rather to her attorney for attorney's fees and'costs.