**In re Ken L. HAGEL, and Mary D. Hagel, Debtors.**

**Bankruptcy No. 94–10300–13.**

United States Bankruptcy Court, D. Montana.

Aug. 31, 1994.

Jerrold L. Nye, Nye & Meyer, P.C., Billings, MT, for debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 13 case the Chapter 13 Trustee ("Trustee") has objected to confirmation of the Debtors' Chapter 13 Plan on the grounds it fails to satisfy the "disposable income" test of 11 U.S.C. § 1325(b)(1)(B) by failing to include $914 per month in exempt social security disability income when determining the amount of payments to be made under the Plan.[1] The Debtors respond that the objection must be overruled as a matter of law since the social security disability in-

come is exempt and thus cannot be disposable income. The objection is sustained and confirmation is denied.

After due notice a hearing on confirmation of the Debtors' Chapter 13 Plan was held at Billings on August 9, 1994. The Debtors appeared and requested time in which to file a response to the Trustee's objection. No testimony or exhibits were admitted into evidence. The Court granted the Debtors time in which to file a memorandum of law, and took the matter under advisement. After review of the Debtors' memorandum, the record, and the applicable law this matter is ready for decision.

At issue is whether the Debtors' exempt social security disability income may be considered in applying the disposable income test under 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(2)(A).[2] This Court holds it may be considered, adopting the reasoning of *In re Schnabel,* 153 B.R. 809 (Bankr.N.D.Ill. 1993), and *In re Morse,* 164 B.R. 651 (Bankr. E.D.Wash.1994).

The Debtors filed a voluntary Chapter 13 petition on March 2, 1994, together with Statements and Schedules. The Schedules list a secured claim in the amount of $42,985 which fully encumbers the Debtors only real property, their homestead. Scheduled unsecured claims total $69,001. Comparison of the Schedules shows that, with the possible exception of the Debtors' dog, all personal property is claimed as exempt. Schedule I lists current income in the amount of $1,706.[3]

1. **§ 1325. Confirmation of plan.**
   (b)(1) If the Trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

   \* \* \* \* \* \*

   (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

2. 11 U.S.C. § 1325(b)
   \* \* \* \* \* \*
   (2) For purposes of this subsection, "disposable income" means income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor.

3. It appears Schedule I is not complete and accurate. The Trustee's objection states that the Debtors have monthly social security disability income in the amount of $914 and that the Debtors notified the Trustee at the § 341 meeting of creditors that they would file amended Schedules I and J. No amended Schedules have been filed. The Debtors' response does not dispute that they receive social security disability income. Instead, they argue such income is exempt.

Whether or not social security disability income is exempt does not relieve the Debtors from the obligation to be truthful and accurate in their Statements and Schedules, which they both signed under penalty of perjury. The Debtors utilized a form for Schedule I which is in con-

Schedule J lists expenses in the amount of $1,649, leaving a monthly surplus of $57, $50 of which the Debtors propose to pay under the Chapter 13 Plan filed March 2, 1994.

Under their Plan the Debtors propose to pay $50 per month for 36 months, or $1,800 which after deduction of the Trustee's fee represents a dividend to unsecured creditors of less than three percent (3%). The Trustee objects to confirmation because the Debtors fail to commit all of their disposable income to make payments under the Plan as required by § 1325(b)(1)(B). The Debtors argue that 42 U.S.C. § 407(a) exempts their social security benefits from any claim of creditor or trustee or bankruptcy law, and thus such income cannot be disposable income, citing *NCNB Financial Services, Inc. v. Shumate*, 829 F.Supp. 178, 180 (W.D.Va. 1993).

■ *NCNB* is not a bankruptcy case and is thus of little value in deciding this issue. While § 407(a) may make social security benefits not subject to attachment, levy, or garnishment, or to the operation of any bankruptcy or insolvency law, it must be remembered that these Debtors voluntarily seek adjustment of debts under Chapter 13. In order to enjoy the benefits of Chapter 13 they must satisfy its requirements, and may not justify the failure to satisfy the confirmation requirements of § 1325 simply by invoking § 407(a). The Court will construe the statutes in a manner so as to give effect to them all where possible.

■ While it is true that in a Chapter 7 case a bankruptcy court does not have jurisdiction over and cannot administer exempt property because such property could not "conceivably have any effect" on the estate, *In re Graziadei*, 32 F.3d 1408, (9th Cir.1994)

(citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir.1988)), in the instant case neither the Trustee nor this Court seek to administer exempt property.[4] The issue is simply a matter of whether the Debtors' Plan satisfies the disposable income confirmation requirement of § 1325(b)(1)(B).

Section § 1322(b)(8) provides that a plan may "provide for the payment of all or part of a claim against the debtor from property of the estate *or property of the debtor.*" *Schnabel*, 153 B.R. at 813; *In re Tomasso*, 98 B.R. 513, 515 (Bankr.S.D.Cal.1989). Debtors' memorandum cites no bankruptcy case law in opposition to the Trustee's argument that the exempt social security income should be included in the disposable income test of § 1325(b).

Applying the disposable income test of § 1325(b)(1)(B), Debtors' Schedule J shows that their monthly expenses total $1,649. Schedule I shows that they have net income from Ken Hagel's employment of $1,706, not including the exempt social security disability income. If, as the Trustee argues, the Debtors receive $914 per month in exempt social security disability income, the Debtors may use that income to pay for their living expenses as it is intended, thus freeing their nonexempt income to make payments under the Plan.

In their Chapter 13 Plan the Debtors submit the "future earnings *and other income*" to the Trustee. (Emphasis added). They did not reserve their exempt income from their Plan. They will not be permitted to shelter nonexempt income under the guise that it is "reasonably necessary to be expended ... for [their] maintenance or support" without first applying their exempt income to that end. § 1325(b)(2)(A).

formity with Official Bankruptcy Form 6. Schedule I clearly calls for disclosure of specific "[s]ocial security or other government assistance." Yet they failed to list any amount of social security disability income and have failed to file amendments. Given this failure to provide complete and accurate information, this Court cannot conclude the Debtors have satisfied the confirmation requirements of 11 U.S.C. § 1325.

4. The facts in *Graziadei* are readily distinguishable. There, a bankruptcy court ordered a Chapter 7 Trustee to turn over sale proceeds of a

debtor's exempt homestead to the debtor's ex-spouse's attorney in satisfaction of attorney's fees from divorce proceedings. *Id.* The Ninth Circuit reversed, holding that the bankruptcy court lacked subject matter jurisdiction to administer homestead property. *Id.* Here, by contrast, the case is brought under Chapter 13, and while this Court has no subject matter jurisdiction to administer the exempt social security disability income, it clearly has jurisdiction to decide whether the Debtors have satisfied the confirmation requirements of § 1325.

While under Chapter 7 debtors are entitled to retain their exempt assets, under Chapter 13 they may keep all their assets, exempt or not, in return for repayment of creditors out of future income. *Schnabel,* 153 B.R. at 817. In return, this Court has adopted the standard discussed in *Schnabel* that a debtor's exempt income must be included when determining "disposable income." *Id.; Matter of Kochell,* 732 F.2d 564 (7th Cir.1984); *Matter of Taff,* 10 B.R. 101 (Bankr.D.Conn.1981). "Allowing debtors with exempt income to exclude it from the amount they are required to pay under a Chapter 13 plan would thwart the legislative intent that consumer lenders be able to look to the debtor's future income as a basis for consumer loans." *Id.* at 818.

The Debtors voluntarily filed a Chapter 13 petition, and nothing in this opinion or *Schnabel* stands for the proposition that debtors may be forced to pay exempt income which is "reasonably necessary to be expended—(A) for the maintenance or support of the debtor or a dependent of the debtor," to creditors under a plan. § 1325(b)(2)(A). However, once they opted for Chapter 13 these Debtors committed their disposable income to fund the Plan, and they may not escape the "disposable income" requirement by claiming that exempt income may not be considered in that determination.

What the Debtors fail to realize is that the ability to claim an exemption is an independent issue from whether they have the ability to repay their debts. *In re Morse,* 164 B.R. 651, 656 (E.D.Wash.1994). I agree with Judge Rossmeissl's reasoning that § 1325(b) limits a debtor's ability to shelter income from exempt sources away from creditors:

> The Bankruptcy Code does not solely protect a debtor's fresh start, but balances the interests of debtors and creditors. The Code is intended to provide an honest but unfortunate debtor with a fresh start, but it is also designed to safeguard creditors['] interests in obtaining repayment when repayment is not a burden on the debtor. Congressional concern for the balancing of these interests is reflected by the addition to the Code of § 1325(b) and § 707(b) as part of the consumer credit amendments of the Bankruptcy Amendment Act of 1984 in furtherance of the policy to "uphold[ ] creditors' interests in" obtaining repayment where such repayments would not be a burden" on a debtor. S.Rep. No. 65, 98th Cong., 1st Sess. 43 (1983). In a Chapter 13 a debtor must commit disposable income to a plan for three years in an amount which would provide creditors at least what they would obtain in a Chapter 7. 11 U.S.C. § 1325(a)(4). Upon a creditor's objection a debtor must further commit all income not reasonably necessary for the debtor's maintenance or support for a period of three years. 11 U.S.C. § 1325(b)(1)(B). In cases such as *Schnabel* [153 B.R. 809 (Bankr.N.D.Ill.1993)] where all of the debtor's assets are exempt, § 1325(b)(1)(B) provides an alternative basis for determining the minimum required distribution to creditors which will entitle a debtor to a discharge. 153 B.R. at 815. Thus, § 1325(b) balances the interests of debtors and creditors by independently limiting a debtor's ability to shelter income from exempt sources away from his creditors when he otherwise has sufficient income to meet his basic needs.

*Morse,* 164 B.R. at 656.

Having reached this conclusion, confirmation of the Debtors' Chapter 13 Plan must be denied approval for their failure to show that their Plan satisfies the disposable income test of § 1325(b)(1)(B).

IT IS ORDERED the Chapter 13 Trustee's objection, filed August 5, 1994, is sustained and confirmation of the Debtors' Chapter 13 Plan, filed March 2, 1994, is denied; the Debtors are granted until on or before September 9, 1994, in which to file an amended Chapter 13 Plan and amended Schedules which accurately reflect the Debtors' income and expenses or this case may be dismissed; the Trustee is granted a period of five days thereafter in which to file a response; and in the event the Trustee files a consent to confirmation this Court may enter an Order confirming the amended Plan without further notice or hearing.