**In re Ken L. HAGEL and Mary D. Hagel, Debtors.**

**Ken L. HAGEL and Mary D. Hagel, Appellants,**

v.

**Robert G. DRUMMOND, Chapter 13 Trustee, Appellee.**

**BAP Nos. MT–94–2072–MeHaMa, MT–94–2404–MeHaMa.**

**Bankruptcy No. 94–10300–13.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 17, 1995.

Decided July 28, 1995.

---

Jerrold L. Nye, Billings, MT, for appellants.

Robert G. Drummond, Great Falls, MT, for appellee.

Before MEYERS, HAGAN and MARLAR [1], Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge:

### I

The bankruptcy court ruled that social security disability payments are included in determining disposable income which must be paid to creditors under a Chapter 13 plan. The court denied plan confirmation and dismissed the debtors' bankruptcy case.

We **AFFIRM.**

### II

### FACTS

Ken and Mary Hagel ("Debtors") filed a Chapter 13 bankruptcy petition and proposed plan on March 2, 1994. In their bankruptcy schedules the Debtors claimed no income for Mary Hagel, who receives $914 per month as social security disability payments. The schedules show projected income from Ken Hagel's earnings in the amount of $1,706 per month and projected monthly expenses of the Debtors in the sum of $1,649.

1. Hon. James M. Marlar, from the District of

The Debtors' Chapter 13 plan proposes to pay $50 per month to Chapter 13 trustee Robert Drummond ("Trustee"), providing a three percent dividend to the unsecured creditors. The Trustee objected to plan confirmation because the Debtors did not include the social security disability payments as disposable income to be distributed to creditors.

On August 31, 1994, the bankruptcy court entered an order denying confirmation of the plan based on the Trustee's objection. *In re Hagel*, 171 B.R. 686 (Mont.1994). In the order, the bankruptcy court gave the Debtors until September 9, 1994 to amend their schedules and file an amended plan to account for the social security benefits.

The Debtors filed an appeal from the bankruptcy court's order and the Panel granted them leave to file an interlocutory appeal.

The Debtors did not amend their schedules or file a new plan. The Trustee brought a motion to dismiss the Chapter 13 case. The bankruptcy court granted the motion on October 26, 1994. The Debtors filed a motion for reconsideration the next day. This motion was denied on November 3, 1994. On November 7, 1994, the Debtors appealed the order denying their motion for reconsideration.

### III

### STANDARD OF REVIEW

Chapter 13 plan confirmation issues requiring statutory interpretation are subject to *de novo* review. *In re Heath*, 182 B.R. 557, 559 (9th Cir. BAP1995). Jurisdictional issues also are reviewed *de novo*. *In re Castlerock Properties*, 781 F.2d 159, 161 (9th Cir.1986).

### IV

### DISCUSSION

A. *Whether Social Security Payments Should Be Included in Disposable Income under Code Section 1325(b)(1)*

Bankruptcy Code ("Code") Section 1325(b)(1) provides:

Arizona, sitting by designation.

If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan...

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Section 1325(b)(2) defines the term "disposable income" as

income which is received by the debtor and which is not reasonably necessary to be expended—

(A) for the maintenance or support of the debtor or a dependent of the debtor; and

(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

The bankruptcy court stated that although social security benefits may be claimed as exempt property, 11 U.S.C. § 522(d)(10)(A), a debtor's ability to claim an exemption is an independent issue from whether the debtor has the ability to repay his or her debts. *Hagel, supra,* 171 B.R. at 689. The court agreed with the reasoning in *In re Morse,* 164 B.R. 651 (E.Wash.1994), and *In re Schnabel,* 153 B.R. 809 (N.Ill.1993), and their holdings that social security income should be included in calculating disposable income which must be devoted to repayment of unsecured claims under Section 1325(b).

As noted in *Morse* and *Schnabel,* Section 1325(b) does not qualify income by reference to its exempt status. *Morse, supra,* 164 B.R. at 655; *Schnabel, supra,* 153 B.R. at 815. Generally, where there is no express limitation in the text of a statute, the debtor bears an exceptionally heavy burden of persuading the court that Congress intended one. *Patterson v. Shumate,* 504 U.S. 753, 760, 112 S.Ct. 2242, 2247–48, 119 L.Ed.2d 519 (1992). Because Section 1325(b)(2) does not limit income by its exempt status, the courts in *Morse* and *Schnabel* refused to impose such a limit and held that exempt income should be included in calculating a debtor's disposable income. *Morse, supra,* 164 B.R. at 655; *Schnabel, supra,* 153 B.R. at 816. *Accord, In re Hammonds,* 729 F.2d 1391, 1393 (11th Cir.1984) (concluding that AFDC benefits are subject to Section 1325(b)'s provision for disposable income).

The district court in *In re Brady,* 86 B.R. 616 (W.D.Mo.1987), ruled that the debtor's social security benefits should not be included in determining a debtor's disposable income. The court did not explain its holding. We disagree with it.

The Debtors have not met their burden to show that in enacting Section 1325(b)(2), Congress implicitly assumed that disposable income refers to non-exempt income only. The Debtors have not provided any justification for Congress to have made this assumption. In fact, it would be more reasonable to assume that Congress meant to include exempt income in the definition of disposal income, so as to prevent a debtor from sheltering exempt income away from creditors when the debtor otherwise has sufficient income to meet his or her basic needs. *Morse, supra,* 164 B.R. at 656. In this case, a ruling in the Debtors' favor would allow the Debtors to pay their monthly living expenses, pay back only three percent of their unsecured debt and obtain a discharge, while permitting them to retain all their social security income as savings. The Debtors are entitled to a fresh start, not a windfall at the expense of their creditors.

We also acknowledge the relatively narrow role of exemptions in Chapter 13. Although exemptions apply in both Chapter 7 and Chapter 13, 11 U.S.C. § 103(a), their significance is greatly diminished in a Chapter 13. In a liquidation case, exemptions are meant to "protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge." H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 126, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6087. Chapter 13 debtors, on the other hand, may keep all their assets, exempt or not, in return for repayment of debts out of future income. Where

the debtor is assured of an income sufficient to meet his or her basic needs, the debtor's fresh start is not imperiled by requiring the debtor to use social security benefits to pay creditors. *Schnabel, supra,* 153 B.R. at 817.

■ Moreover, the legislative history reveals that Congress has recognized that the "regular income" requirement for Chapter 13 under Code Section 109(e), may include welfare, pension and social security income. H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 311–12; S.Rep. No. 989, 95th Cong., 2nd Sess. 24, *reprinted in* 1978 U.S. Code Cong. & Admin.News 5787, 5810, 6268–6269.[2] And Code Section 1322(b)(8), providing that a plan may "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor," permits a debtor to fund a plan with exempt property. *In re Tomasso,* 98 B.R. 513, 515 (S.Cal.1989).[3]

■ The Debtors maintain that even if other types of exempt property must be included in the calculation of disposable income, social security benefits are different because they are subject to a strict anti-alienation statute. Section 207 of the Social Security Act, 42 U.S.C. § 407, provides:

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit supersede, or otherwise modify the provisions of this section except

to the extent that it does so by express reference to this section.

Discussion of the impact of 42 U.S.C. § 407 on bankruptcy cases has centered mainly on whether that statute prohibits a Chapter 13 debtor from assigning social security benefits to a Chapter 13 trustee for the benefit of creditors. Despite the fact that there is no express reference to 42 U.S.C. § 407 in the Bankruptcy Code, several courts have concluded that no such prohibition exists. *See United States v. Devall,* 704 F.2d 1513, 1517 (11th Cir.1983); *Regan v. Ross,* 691 F.2d 81, 85 (2d Cir.1982); *In re Penland,* 11 B.R. 522, 524 (N.Ga.1981). At least one court, the Sixth Circuit Court of Appeals in *In re Buren,* 725 F.2d 1080, 1086 (6th Cir.1984), has found the anti-alienation provision controlling.

The Debtors contend that although the Ninth Circuit Court of Appeals has not ruled on this issue, it has held that because a bankruptcy court has no jurisdiction over homestead property, such property cannot be administered by the bankruptcy court. *In re Graziadei,* 32 F.3d 1408, 1410 (9th Cir.1994). The Debtors analogize that the court also lacks jurisdiction over exempt social security benefits and therefore cannot administer these assets.

The bankruptcy court gave the following response to this argument:

While it is true that in a Chapter 7 case a bankruptcy court does not have jurisdiction over and cannot administer exempt property because such property could not 'conceivably have any effect' on the estate, in the instant case neither the Trustee nor this Court seek to administer exempt property. The issue is simply a matter of whether the Debtors' Plan satisfies the disposable income confirmation requirement of § 1325(b)(1)(B).

---

**2.** Because the Code's legislative history describes the term "income" under Chapter 13, we disagree with the assertion in *In re Stones,* 157 B.R. 669, 670 (S.Cal.1993), that the Internal Revenue Code's definition of income should be applied in determining disposable income under Code Section 1325(b).

**3.** The *Tomasso* court held that that portion of sums paid in settlement of a personal injury claim which was exempt under California law

would not be considered in the disposable income test of Section 1325. *Tomasso* is distinguishable from the instant case, as it involved an exempt asset rather than an exempt stream of income. In order to give meaning to exemptions in Chapter 13 cases, it appears that an exempt fund or other exempt property which is not considered regular income under Code Section 109(e) should not be counted as disposable income under Section 1325.

*Hagel, supra,* 171 B.R. at 688 (citations and footnote omitted).

We agree with the bankruptcy court. For one thing, bankruptcy courts arguably have jurisdiction over exempt property in a Chapter 13 case, as the property could have an effect on the estate. Section 1322(b) allows a debtor to make plan payments from exempt property. Secondly, the issue of whether a Chapter 13 trustee may administer exempt assets is different from the issue of whether those assets should be included in disposable income. This is especially true because, as a practical matter, even if social security benefits could not be assigned directly to a Chapter 13 trustee, a willing debtor simply could sign the social security check over to the trustee. *Buren, supra,* 725 F.2d at 1086.

■ Moreover, including social security benefits in the disposable income calculation does not conflict with the objective underlying 42 U.S.C. § 407. The purpose of this provision is to protect the benefits provided under the Social Security Act to meet the most basic needs of the poor "from seizure in legal processes against the beneficiary." H.R.Rep. No. 92–231, 92nd Cong., 2nd Sess. 156, *reprinted in* 1972 U.S.Code Cong. & Admin.News 4989, 5142. Because Chapter 13 is a wholly voluntary proceeding, the debtor's benefits will not be seized in any legal process against the debtor unless and except to the extent that the debtor so desires. *Penland, supra,* 11 B.R. at 524. The debtor who files for Chapter 13 protection voluntarily submits these benefits to the Chapter 13 trustee in an effort to preserve other property which otherwise would be subject to claims of creditors. *Id.*

Social security benefits are provided by the government for recipients' basic needs. The bankruptcy court essentially held that the Debtors must use these benefits for their basic needs. This holding is correct. There is no fundamental right to a discharge in bankruptcy. *United States v. Kras,* 409 U.S. 434, 445, 93 S.Ct. 631, 637–38, 34 L.Ed.2d 626 (1973). Debtors who refuse to use all of their projected disposable income to pay off their debts have no right to the benefits provided in a Chapter 13 bankruptcy.

**B.** *Dismissal of the Case*

■ The Debtors also contend that the bankruptcy court lacked jurisdiction to dismiss their Chapter 13 case, as the dismissal was based on the ruling concerning the alleged plan deficiencies which was on appeal.

■ Generally, a bankruptcy court has wide latitude to reconsider and vacate its own decisions. *In re Adams Apple, Inc.,* 829 F.2d 1484, 1489 (9th Cir.1987). A pending appeal, however, divests a bankruptcy court of jurisdiction. *Id.* The court cannot vacate or modify an order which is on appeal. *In re Bialac,* 694 F.2d 625, 627 (9th Cir.1982).

■ Underlying this principle is a concern for ensuring the integrity of the appellate process. *In re Prudential Lines, Inc.,* 170 B.R. 222, 243 (S.D.N.Y.1994). To this end, a trial court may not interfere with the appeal process or with the jurisdiction of the appellate court. *Id.* It is equally established, however, that while an appeal of an order is pending, the trial court retains jurisdiction to implement or enforce the order. *Id.* This is true because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review. *Id.* Accordingly, courts have recognized a distinction between acts undertaken to enforce the judgment, which are permissible, and acts which expand upon or alter it, which are prohibited. *Id.*

In this case, the bankruptcy court was not expanding upon or altering the order denying plan confirmation. Rather, the court was, at most, enforcing the order. Once plan confirmation was denied and the Debtors declined to amend their schedules or file a new plan, the only sensible course of action was to dismiss the Chapter 13 case. *See In re Marsch,* 36 F.3d 825, 829 (9th Cir.1994) (stating that immediate dismissal of the bankruptcy case was the only appropriate course once the court found that the Chapter 11 petition had been filed in bad faith). Otherwise, the Debtors would have the benefit of the automatic stay for the months or years while the order was on appeal, while having no confirmed plan compelling them to pay their creditors.

Under Fed.R.Bankr.P. 8005, a bankruptcy court "*may* suspend or order the continua-

tion of other proceedings in the case" while an order is on appeal. (Emphasis added.) The Rule does not provide that the bankruptcy court *must* stay all other proceedings. The court had the discretion to stay the proceedings in this case. The court did not abuse its discretion in ruling on the motion to dismiss.[4]

## V

### CONCLUSION

We affirm the order denying plan confirmation. The court correctly held that social security benefits should be included in the calculation of disposable income.

We further affirm the order dismissing the case. Because dismissal of the Debtors' case was not an act expanding upon or altering the order denying plan confirmation, the bankruptcy court had jurisdiction to dismiss the case while the order denying confirmation of the plan was on appeal.

4. To the extent that the case of *In re Madill*, 65 B.R. 729 (D.Mont.1986), is contrary to our holding, we decline to follow it. In *Madill*, the debtors appealed the bankruptcy court's order rejecting the debtors' Chapter 13 plan. Subsequently, the bankruptcy court granted a creditor relief from stay to foreclose on two of the debtor's personal properties, for the reason that the plan was rejected. The district court affirmed the order rejecting the plan, but vacated the order granting relief from stay. The district court reasoned that "the appeal of the court's order rejecting the plan directly involves the collateral released from the automatic stay." 65 B.R. at 733. Noting that granting relief from stay would moot a substantial issue raised in the appeal, the district court concluded that the bankruptcy court lacked jurisdiction to grant relief from stay. *Id.*