**In re Tal BAKER and Katherine Baker, Debtors.**

**Bankruptcy No. 94–00682–B13.**

United States Bankruptcy Court, S.D. California.

April 19, 1996.

Thomas M. Lockhart, Lockhart & Britton, La Mesa, CA, for Debtor.

David L. Skelton, San Diego, CA, Chapter 13 Trustee.

## MEMORANDUM DECISION

LOUISE DeCARL ADLER, Chief Judge.

Katherine Baker, ("Debtor") moves this Court for an order modifying her Chapter 13 plan to compensate for a reduction in her disposable income due to the death of her husband and former co-debtor Tal Baker. The Chapter 13 trustee ("Trustee") opposes the motion because the Debtor has failed to include certain life insurance proceeds in her calculation of "projected disposable income."

## I. FACTS

On January 21, 1994 Tal and Katherine Baker filed a petition under Chapter 13 of the Bankruptcy Code. On June 16, 1994 an order was entered confirming the Debtors' plan pursuant to which the Debtors would make monthly payments of $1,982 for the first twenty-four months and $2,404 thereafter resulting in a 100% payment to unsecured creditors ("Plan"). After the Plan was confirmed Tal Baker's failing health required the Debtors to request certain modifications.

On November 10, 1994 the Debtors moved for approval of a modification to the Plan. Payments under the Plan were to be reduced to $1,288 through January 1996, and $1,710 thereafter, however, unsecured creditors would still be paid in full over the five year term of the plan ("First Modified Plan".) An order confirming the First Modified Plan was entered on February 10, 1995.

On June 29, 1995 the Debtors moved to modify the First Modified Plan. Payments were to be reduced to $606 and distribution to unsecured creditors was to be reduced to 20%. On July 11, 1995, before the hearing was held on the June 29 motion, Katherine Baker filed a motion to modify the Plan further reducing the monthly payments to $225 and paying unsecured creditors 0%. Tal Baker had passed away on June 27, 1995.

The Trustee objected to the requested modifications on several grounds including that the Debtor failed to apply all "projected disposable income" to the plan.

On October 13, 1995 the Debtor filed a further modified plan with monthly payments of $650 and a 25% pay out to creditors. A hearing was held on November 8, 1995. The matter was continued to allow the Debtor to provide proof of income.

On November 20, 1995 the Debtor filed a declaration setting forth her monthly income as follows:

| | |
|---|---|
| Social Security | $ 426.00 |
| State Teacher's Retirement System | 1,693.87 |
| Navy Retirement | 131.95 |
| Total | $2,251.82 |

From this the Debtor subtracted her monthly expenses of $1,599.73 arriving at monthly disposable income of $652.09.

 The Debtor disclosed in her declaration that upon her husband's death she had received life insurance proceeds of $5,000 from the Navy and $48,000 from the State Teacher's Retirement System. The $48,000 received from the State Teacher's Retirement System ("Insurance Proceeds" or "Proceeds") remains with the insurance company in an interest bearing account. The interest generated on the Insurance Proceeds (the "Interest") is reinvested in the account. The Proceeds are exempt under California Code of Civil Procedure § 704.100.[1]

On November 30, 1995 the Trustee filed opposition to the most recent proposed modifications. The Trustee argued that the Proceeds and the Interest must be included in the Debtor's income calculations. On December 28, 1995 the Debtor's motion to modify the plan was denied by my colleague Judge Peter Bowie. Judge Bowie held that the Interest generated on the Insurance Proceeds should be included in the Debtor's income. He made no ruling as to the Proceeds themselves.

---

1. On July 11, 1995 the Debtor filed an amended Schedule C, "Schedule of Property Claimed as Exempt," adding the anticipated proceeds of the life insurance policies in the amount of $53,000 and claiming the entire amount as exempt. The amendment was served on the Trustee on the same day. The Trustee did not file opposition to the claimed exemption. Rule 4003 of the Federal Rules of Bankruptcy Procedure provides that a party in interest may file objections to the list of property claimed as exempt within thirty days from the "filing of any amendment to the list or supplemental schedules, unless, within such period, further time is granted by the court." The thirty day period having lapsed long ago and no extensions having been requested or granted, the Proceeds are deemed exempt.

The Debtor now seeks to modify the First Modified Plan by reducing the monthly payments from $1,288.00 to $685.00. The result would be a 25% distribution to unsecured creditors. In response to the earlier ruling, the Debtor has increased her projected income by the amount of the Interest. Her anticipated monthly income now totals $2,448.01 per month consisting of the following:

| | |
|---|---|
| Social Security | $ 426.00 |
| State Teacher's Retirement System | 1,693.87 |
| Navy Retirement | 131.95 |
| Interest on life insurance benefits | 196.19 |

The Trustee has again objected to modification, relying on his earlier arguments. At the hearing the Trustee argued that in addition to the Interest, the Proceeds themselves must be included in the Debtor's "projected disposable income."

## II. ISSUE

■ Given that the Debtor has included in her income the Interest generated on the Proceeds, must the Proceeds of the deceased's life insurance policy be considered when determining the Debtor's "projected disposable income" under Bankruptcy Code Section 1325(b)(1)(B)? [2]

## III. DISCUSSION

■ Bankruptcy Code section 1325(b)(1) provides that if the trustee objects to confirmation of a proposed plan, the court may not approve the plan unless creditors are paid in full or the debtor commits all of her "projected disposable income" to make payments under the plan. 11 U.S.C. § 1325(b)(1)(B).[3] This requirement is applicable to motions by a debtor to modify a plan.[4] Since the Debt-

or's proposed modification will not result in full payment to creditors the modifications will be approved only if the Debtor commits all of her "projected disposable income" to the plan.

■ Projected income is typically calculated by multiplying a debtor's monthly income as of the time of confirmation by the number of months of the plan. See, In re Anderson, 21 F.3d 355, 357 (9th Cir.1994). The projected income is then compared to those projected monthly expenses which are "reasonably necessary to be expended for the maintenance or support of the debtor" to determine the extent to which the projected income is "disposable." [5] In re Stones, 157 B.R. 669, 670 (Bankr.S.D.Cal.1993); In re Solomon, 67 F.3d 1128, 1132 (4th Cir.1995). To the extent the projected income exceeds the reasonable projected expenses it constitutes "projected disposable income" and must be committed to the plan.

The Debtor concedes that the Interest generated on the Proceeds should be included as income, but argues that the Proceeds are exempt and need not. The Trustee contends that the Insurance Proceeds must be included in the Debtor's disposable income.

In In re Stones, this court held that money a debtor could borrow from her ERISA plan was not income for the purposes of Section 1325(b). 157 B.R. at 671.

In In re Hagel, 184 B.R. 793 (9th Cir. BAP 1995), the Bankruptcy Appellate Panel upheld the bankruptcy court's holding that exempt social security benefit payments must be included in projected income. Id. at 799. The Panel limited their holding, however, to "an exempt stream of income," noting:

2. At the hearing counsel for the Trustee stated that the issue in this case was whether the Insurance Proceeds should be included in the Debtor's disposable income.

3. Unless otherwise indicated, all Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 et seq.

4. Section 1329(a) provides that on motion of the debtor a plan may be modified to, among other things decrease the amount of the payments. Subsection (b) of section 1329 provides that section 1325(a) applies to proposed modifications. Section 1325(a) incorporates by reference section 1325(b). Thus a proposed modification, if opposed, must meet the requirement that all

"projected disposable income" be committed to the plan.

5. "Disposable income" is defined as "income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2)(A). Thus, only those expenses which are "reasonably necessary" are subtracted from the projected monthly income to determine "projected disposable income." Since the Trustee stated that the issue is whether the Proceeds must be included in income, this Court concludes that the Trustee does not dispute the reasonableness of the expenses claimed by the Debtor.

In order to give meaning to exemptions in Chapter 13 cases, it appears that an exempt fund or other exempt property which is not considered regular income under Code section 109(e) should not be counted as disposable income under Section 1325. *Id.* at 797 fn. 3. The Panel made the comment in order to distinguish the case from *In re Tomasso,* in which my colleague Judge John Hargrove held that Chapter 13 debtors need not include the exempt proceeds of a personal injury settlement in the calculation of their disposable income. 98 B.R. 513, 516 (Bankr.S.D.Cal.1989).

The Fourth Circuit in *In re Solomon,* recently held that funds held in exempt individual retirement accounts which were not being disbursed to the debtor were not included in the debtor's "projected disposable income." 67 F.3d at 1131.[6] The court distinguished *In re Hagel,* 171 B.R. 686 (Bankr.D.Mont.1994) (prior to affirmation by the BAP at 184 B.R. 793), by pointing out that the debtor in *Hagel* was receiving monthly payments. *Id.* at 1132.

From these cases we distill a simple and workable test: If the exempt asset in question is an anticipated stream of payments, it is included in projected income; if the exempt asset is other than a stream of payments, it is not included.

In this case the Debtor satisfies the "projected disposable income" test by including in her income the Interest generated by the Insurance Proceeds. She will not be required to invade the Proceeds to fund the Plan.

## IV. CONCLUSION

The Debtor must, and has, included in income the Interest generated by the Insurance Proceeds. The Debtor need not include the Proceeds themselves; they are simply not income. The Debtor's modified plan dated February 6, 1996 shall be confirmed.

This Memorandum Decision is in lieu of findings of fact and conclusions of law. Debtor's counsel is directed to prepare an order in accordance with this Memorandum Decision within ten (10) days of the date of entry.

---

6. The debtor in *Solomon* faced substantial claims from former patients. *Id.* at 1130–31. The debtor scheduled several exempt assets including $1,413,888 which was held in three IRA's. *Id.* at 1131. The debtor could withdraw the proceeds without penalty, but was not required to do so. *Id.* The debtor informed the bankruptcy court that he did not intend to withdraw any funds from the accounts during the course of his bankruptcy case. *Id.* The trustee objected to the debtor's proposed plan arguing that the IRA accounts ought to be taken into consideration when determining the debtors' "projected disposable income." *Id.* The bankruptcy court agreed with the trustee, holding that some minimum amount attributable to allowed distributions from the IRA's should be included in the debtor's income. *Id.* The district court affirmed. *Id.* The Fourth Circuit, reversed, holding that the IRA accounts need not be included as disposable income. *Id.* The court reasoned that the accounts were simply not income under the terms of section 1325(b). *Id.* at 1132. Citing *Anderson,* the court held that income is determined by multiplying a debtor' monthly income at the time of confirmation by 36 months. *Id.* Given that the debtor was not receiving any disbursements from the IRA's at confirmation, the court held that the debtor had no projected income from the IRA's. *Id.* The court recommended the following approach:

> [A] court should determine projected disposable income by calculating a debtor's "present monthly income and expenditures" and extending those amounts over the life of the plan. *Id.* (Citations omitted.)