**In re Steve BAKER, Asisan Leann Baker, Debtors.**

**Bankruptcy No. 96–30875.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

Oct. 30, 1997.

Christopher M. Hawk, Dayton, OH, for Debtors.

Dale Ann Goldberg, Asst. U.S. Atty., Dayton, OH.

George W. Ledford, Englewood, OH, Chapter 13 Trustee.

## DECISION AND ORDER DENYING MOTION FOR STAY VIOLATION BY THE SOCIAL SECURITY ADMINISTRATION

WILLIAM A. CLARK, Chief Judge.

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the standing General Order of Reference entered in this District. Motions to terminate, annul, or modify the automatic stay are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(G).

This matter is before the court upon the Motion for Stay Violation of the Social Security Administration [Doc. # 29–1] of Steve and Asisan Leann Baker (hereinafter the "Debtors"), the Response to Motion for Stay Violation of the Social Security Administration [Doc. # 35–1] of the United States on behalf of the Social Security Administration, the Debtors' Brief [Doc. # 38–1], and the United States' Brief and Response to Debtors' Brief [Doc. # 40–1].

On March 1, 1996, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* The Debtors listed on Schedule I—Current Income of Individual Debtor(s), "Social Security for Minor Child—$450.00." On March 25, 1996, the Social Security Administration filed a proof of claim for $561.94.

Joshua T. Wrigglesworth is the minor, disabled child of the Debtor, Asisan Leann Baker. The Debtor is the representative payee of the child and in that capacity she receives

the child's monthly supplemental security income payments. The amount of these payments is based, in part, upon the income of the entire family. During a prior year, the Debtor failed to report additional income to the Social Security Administration which caused an overpayment of the supplemental security income payments. The subject matter of the Social Security Administration's claim against the Debtors is the amount of this overpayment.

Since January of 1997, the Social Security Administration has been withholding $48.40 from each of the monthly supplemental security income payments in order to recover the overpayment previously made. As the overpayment was the result of the Debtor's failure to report additional family income, the Social Security Administration also filed its claim against the Debtor, Asisan Leann Baker, in her capacity as the representative payee of the minor child. The Social Security Administration is not seeking a double recovery of the amount of the overpayment. The amounts withheld from the monthly supplemental security income payments reduce correspondingly the total claim against the Debtors.

## CONCLUSIONS OF LAW

The Debtors assert that the supplemental security income payments are the property of the bankruptcy estate and the Social Security Administration's act of withholding a set amount from each of the monthly payments is a violation of the automatic stay. The Social Security Administration counters that the payments are the property of the minor child and not subject to the provisions of the automatic stay.

Section 362 of the Bankruptcy Code provides that "[e]xcept as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, of ... the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." 11 U.S.C. § 362(a)(2).

The Sixth Circuit has previously addressed the issue of the automatic stay noting that Section 362(a) "facially stays proceedings

against the debtor and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor." *Lynch v. Johns–Manville Sales Corporation,* 710 F.2d 1194, 1196 (6th Cir. 1983). The legislative history of Section 362 discloses a congressional intent to stay proceedings against the debtor, and no other person. *Id.*

The supplemental security income payments being paid to the Debtors are not their property, nor do they become the property of the bankruptcy estate. The payments are being made to the Debtor, Asisan Leann Baker, only in her capacity as the representative payee of the minor child. They are to be used solely for his benefit and to provide for his needs, and any remainder is to be conserved or invested on his behalf. *See* 20 C.F.R. § 404.2045. The anti-alienation provisions of the Social Security Act clearly provide that no creditor of the Debtors can seek to attach these payments and the payments cannot be transferred to the Debtors' bankruptcy estate. *See* 42 U.S.C. § 407(a). The payments belong to the child, Joshua T. Wrigglesworth, who is not a party to this bankruptcy proceeding and who is not afforded any of the protections of the automatic stay. The Debtors cannot rely upon the operation of the automatic stay to prevent the Social Security Administration from collecting the overpayment by withholding funds from the monthly supplemental security income payments.

The Debtors cite *In re Hagel,* 171 B.R. 686 (Bankr.D.Mont.1994) in support of their position that the supplemental security income payments are somehow property of the estate. In *Hagel* the court held that social security disability income should be considered in applying the disposable income test. *Id.* at 687–89. The social security disability income at issue there, however, was only for the debtor. *Hagel* did not involve social security income payments being paid to a debtor solely in her capacity as the representative of a disabled child. The Debtors reliance on *Hagel* is thus misplaced.

Debtors' reference to this court's earlier decision of *Taylor v. General Motors Corp.*

*(In re Taylor )*, Ch. 13 Case No. 3–91–03299, Adv. No. 3–91–0194 (Bankr.S.D.Ohio Mar. 25, 1993) is also inapplicable to the facts of the present case. In *Taylor*, the defendant, General Motors, was withholding funds from the debtor's wages in an effort to collect an overpayment of disability payments made by a separate entity. The disability payments were for the debtor and no other party. General Motors was itself not a creditor of the debtor nor was it entitled to assert a claim against the debtor for the overpayment of the disability payments. As the wages were property of the bankruptcy estate, General Motor's wage deductions were held to be a violation of the automatic stay. *Id.* at 10–11. The court's holding was based on the fact that the disability payments and wages being paid to the debtor were property of the bankruptcy estate. Unlike in the present case with social security income payments being paid to a debtor solely in her capacity as the representative of a disabled child, the disability payments and wages in *Taylor* were solely the property of the debtor.

The action of the Social Security Administration is also not an attempt to recover a claim against the Debtors. The fact that the Social Security Administration is seeking to collect the overpayment by filing a claim against the Debtors does not in any way transform the child's supplemental security income payments into property of the Debtors' bankruptcy estate subject to the provisions of the automatic stay. The Social Security Administration is permitted to seek recovery of an overpayment from the representative payee. *See* 42 U.S.C. § 1383(b); *Evelyn v. Schweiker*, 685 F.2d 351, 352–53 (9th Cir.1982) (Overpayment recoverable from mother of disabled child as his representative payee). The court notes that there is no fundamental unfairness in its holding because each amount withheld from the monthly supplemental security income payments directly reduces the amount of the claim filed against the Debtors.

## CONCLUSION

For the reasons stated above, it is the court's holding that the supplemental security income payments are not property of the bankruptcy estate and that the Social Security Administration's act of withholding a set amount from each of the monthly payments for the disabled child is not a violation of the automatic stay.

The Motion for Stay Violation of the Social Security Administration is DENIED.

IT IS SO ORDERED.