**In re David N. RODGERS and Kim I. Rodgers, Debtor(s).**

**No. 9:09–bk–13886–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

May 19, 2010.

nizing that damages are not recoverable where the fact of damages is uncertain).

Carmen Dellutri, The Dellutri Law Group, PA, Fort Myers, FL, for Debtors.

Jon Waage, Bradenton, FL, trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR(S) PLAN (Doc. No. 38) and TRUSTEE'S MOTION TO DISMISS FOR BAD FAITH (Doc. No. 39)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this Chapter 13 case of David N. and Kim I. Rodgers (the Debtors) is the Trustee's Objection to Confirmation of Debtor(s) Plan (Doc. No. 38) and Trustee's Motion to Dismiss for Bad Faith (Doc. No. 39), filed pursuant to 11 U.S.C. § 1325(a)(3) and 11 U.S.C. § 1325(a)(7). The questions pre-sented for this Court's consideration are: (1) Whether the Debtors' Chapter 13 Plan has been filed in good faith pursuant to Section 1325(a)(3); (2) Whether the Debtors' Petition has been filed in good faith pursuant to Section 1325(a)(7) where the Debtors' propose a Plan payment in the amount of $100.00 per month but have a net monthly income surplus of over $2,056.00 per month listed on their Schedules I and J; and (3) Whether the Social Security Income of these Debtors should be considered as part of their projected disposable income pursuant to 11 U.S.C. § 1325(b)(1)(B).

The relevant facts leading to the Trustee's Objection to Confirmation and his Motion to Dismiss may be summarized as follows.

The Debtors filed their Voluntary Petition for Relief pursuant to Chapter 13 of the Bankruptcy Code on June 29, 2009. On the same date, the Debtors filed their Summary of Schedules and their Chapter 13 Plan. The Debtors in their Schedule D—Creditors Holding Secured Claims indicate that they· are surrendering their properties located at: (1) 18426 Driggers Avenue, Port Charlotte, Florida (Florida Property); and (2) 8225 West Entiat Place, Kennewick, Washington (Washington Property), the secured portion of which totals the sum of $869,834.00 and the unsecured portion totals $165,680.00.

The Debtors indicated on their Schedule F—Creditors Holding Unsecured Nonpriority Claims totaled the sum of $90,989.00. The unsecured proof of claims filed in this Chapter 13 case total $137,729.52. Schedule I—Current Income of Individual Debtor(s), of the Debtors' schedules reflects "Combined Average Monthly Income," totaling the sum of $6,130.41 which includes Social Security Disability in the amount of $2,128.00. The Debtors' Schedule J—Cur-

rent Expenditures of Individual Debtor(s) reflects rent or home mortgage payment in the amount of $2,012.00. In addition to the foregoing, the Debtors' Schedule J specifically indicates medical and dental expenses totaling the amount of $894.00. The Debtors' Schedule J reflects that their monthly net disposable income totals the sum of $850.16. The Debtors' Chapter 13 Plan provides that the Debtors will pay $100.00 per month for thirty-six (36) months to the Chapter 13 Trustee for distribution to unsecured, nonpriority creditors.

After due notice a hearing on confirmation of the Debtors' Chapter 13 Plan was held on February 25, 2010. Prior to the hearing, on February 23, 2010, the Chapter 13 Trustee, filed his Objection to Confirmation of Debtor(s) Plan pursuant to 11 U.S.C. § 1325(a)(c) and 11 U.S.C. § 1325(a)(7) (Doc. No. 38). The Debtors' Budget shows a net disposable income in the amount of $850.16 per month, with proposed Plan payment of only $100.00 per month. The Trustee alleges that on August 10, 2009, at the Debtors' Section 341 Meeting of Creditors, the Debtors indicated that they were still living in the house that they were surrendering but that they had not made a house payment since July 2008. However, the Debtors' Budget specifically indicated the amount of $2,012.00 per month for a mortgage payment. It is the Trustee's contention that if the Debtors do not have a mortgage payment, then the amount allocated to the mortgage should also go to the Trustee as part of the Debtors disposable income. On the same date, the Chapter 13 Trustee filed Trustee's Motion to Dismiss for Bad Faith pursuant to 11 U.S.C. § 1325(a), and set forth the same contentions as stated in his Objection to Confirmation of the Debtors' Chapter 13 Plan.

The day before the confirmation hearing was to be held the Debtors filed their Amended Summary of Schedules. The Debtors Amended Schedule I—Current Income of Individual Debtors(s), as filed, fails to indicate any changes from the initial schedule filed. However, the Debtors Amended Schedule J—Current Expenditures of Individual Debtor(s), indicates substantial changes. Comparison of the Schedules shows that the Debtors' expenditures for rent or mortgage decreased from $2,012.00 to zero. However, the Debtors' Amended Schedule J shows that there are no changes in "Electricity and heating fuel, Water and sewer … Home Maintenance (repairs and upkeep)," yet they are surrendering their home and will no longer have such expenses as indicated. Furthermore, the Debtors' "Medical and dental expenses" increased from $894.00 to $1,700.00, without any evidence as to why such a substantial increase was necessitated. Although the Debtors filed their affidavits indicating the substantial increase from $894.00 to $1,700.00 due to medical expenses, the Debtors failed to provide this Court with supporting documentation which would substantiate such an increase. For this reason this Court accepts the originally scheduled amount of $894.00 for medical and dental expenses. In addition to the foregoing, the Amended Schedule J provides for monthly net disposable income in the amount of $2,056.16 per month, with proposed Plan payment of only $100.00 per month.

At the Confirmation Hearing held on February 25, 2010, counsel for the Debtors was present. The Budget was argued by the Chapter 13 Trustee, both as to disposable income and as to the Debtors testimony at the Section 341 Meeting of Creditors indicating that they did not have a house payment and that their last house payment was made on July 2008. (See page 8 of Section 341 Meeting of Creditors). The

Trustee further argued that at the Section 341 Meeting of Creditors the Debtors testified that their medical and dental expenses were approximately $900.00 per month, not $1,700.00. (See page 7 of Section 341 Meeting of Creditors). Contrary to the Debtors sworn testimony at the Section 341 Meeting of Creditors, the Debtors' Amended Schedule J provides for an unsubstantiated increase in medical and dental expenses of approximately one hundred (100) percent.

Counsel for the Debtors argued that their monthly income consists of the Joint Debtor's wages of approximately $1,000.00, Debtor's pension/retirement of $3,002.41, and Debtor's Social Security disability benefits of $2,128.00. After deduction, the Debtors; net income is $6,130.31 per month. The Debtors' contended that their current expenses are $4,389.25 and such expenses do not include future rental expense in the amount of $1,200.00 to $1,500.00 per month.

◼ The Debtors deny that the Chapter 13 Plan was proposed in bad faith as they have committed all of their disposable income to their Chapter 13 Plan. The Debtors allege that their Budget overage is present because the income includes Social Security disability income in the calculation and, by definition, disposable income specifically does not include Social Security income and cannot be required to be committed to the estate and, therefore, the Debtors could not have proposed their Chapter 13 Plan in bad faith when they are proposing a Plan that is permitted by the Bankruptcy Code.

Most of the courts that have considered this issue, however, have held that exempt income must be taken into account in determining the debtor's disposable income under Section 1325(b)(1)(B). *See Stuart v. Koch (In re Koch)*, 109 F.3d 1285, 1289 (8th Cir.1997); *Freeman v. Schulman (In re Freeman)*, 86 F.3d 478, 481 (6th Cir. 1996); *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 796–97 (9th Cir. BAP 1995); *In re Launza*, 337 B.R. 286, 292 (Bankr. N.D.Tex.2005); *In re DeFrehn*, 2003 WL 25273838 (Bankr.D.Idaho 2003); *In re Pendleton*, 225 B.R. 425, 427 (Bankr. E.D.Ark.1998); *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 380 (Bankr.W.D.Pa. 1997); *In re Minor*, 177 B.R. 576, 580–81 (Bankr.E.D.Tenn.1995); *In re Jackson*, 173 B.R. 168, 171 (Bankr.E.D.Mo.1994). These courts look to the plain language of Section 1325(b)(2), where the term disposable income is defined, noting that there is nothing in the definition of the term that limits income to that which is non-exempt.

To determine whether a debtor is able to repay a substantial portion of his debts it is necessary to consider the amount of the debtor's "disposable income" that is available for such repayment, *In re Pier*, 310 B.R. 347, 353 (Bankr.N.D.Ohio.2004). In the case of *In re Shields*, 322 B.R. 894 (Bankr.M.D.Fla.2005), the court held the "[s]ocial security benefits, and retirement benefits should be treated as "income" for purposes of determining whether a debtor has "disposable income" under Section 1325 of the Bankruptcy Code, even though such benefits are exempt from claims of the debtor's creditors." *In re Shields*, 322 B.R. at 898.

Courts have continually held that exempt revenues are subject to "disposable income" analysis. *See In re Sohn*, 300 B.R. 332 (Bankr.D.Minn.2003)(exempt income tax refund); *In re Gebo*, 290 B.R. 168 (Bankr.M.D.Fla.2002)(workers' compensation settlement); *In re Tolliver*, 257 B.R. 98 (Bankr.M.D.Fla.2000)(workers' compensation); and *In re Hagel*, 171 B.R. 686 (Bankr.D.Mont.1994)(social security disability income). According to these cases, "the ability to claim an exemption is an independent issue from whether they

[the debtors] have the ability to repay their debts." *In re Hagel,* 171 B.R. at 689. Based on the foregoing, this Court finds and concludes that Social Security benefits are properly considered in the disposable income test of Section 1325(b)(1)(B).

The obligation of good faith is imposed on the debtor in a Chapter 13 proceeding in two stages: First, the debtors must file their Chapter 13 petition in good faith. This flows from the concept that the filing of a Chapter 13 petition in bad faith may constitute cause for dismissal under 11 U.S.C. § 1307(c). *See In re Love,* 957 F.2d 1350, 1354–55 (7th Cir.1992); *In re Gros,* 173 B.R. 774 (Bankr.M.D.Fla.1994); *In re Bandini,* 165 B.R. 317, 319 (Bankr. S.D.Fla.1994). Second, the debtors must file their Chapter 13 plan in good faith: A showing of "good faith" is statutorily required for the confirmation of a Chapter 13 plan. 11 U.S.C. § 1325(a)(3). *See In re Love, supra; In re Elisade,* 172 B.R. 996 (Bankr.M.D.Fla.1994).

■ The inquiry into whether a Chapter 13 debtor filed his petition in good faith and the inquiry into whether the debtor filed his Chapter 13 plan in good faith are both conducted on subjective and objective bases, and the same evidence may be relevant to both inquiries. *First United Sav. Bank v. Edwards,* 184 B.R. 46 (S.D.Ind. 1995).

■ The concept of "good faith" is not defined in the Code or its legislative history. Left with the interpretational task, courts have generally held that "good faith" in this context is to be determined on a case by case basis, under a "totality of the circumstances" test which requires consideration of a broad range of objective and subjective factors, critically including, *inter alia,* examination of the debtor's intent and motivation in proceeding under Chapter 13, largely following the approach outlined by the Eleventh Circuit case of *In*

*re Kitchens,* 702 F.2d 885, 888–889 (11th Cir.1983). The Eleventh Circuit has set forth non-exclusive factors for courts to consider in determining whether, under the totality of the circumstances, a Chapter 13 plan is proposed in good faith. When considering a Chapter 13 plan has been proposed in good faith, among other factors the Bankruptcy Court must consider the amount of the debtor's income from all sources and the living expenses of the debtor and his dependents.

■ "Congress enacted Chapter 13 to provide "a highly desirable method for dealing with the financial difficulties of individuals. It creates an equitable and feasible way for the honest and conscientious debtor to pay off his debts rather than having them discharged in bankruptcy." " *Jim Walter Homes, Inc. v. Saylors (In re Saylors),* 869 F.2d 1434, 1436 (11th Cir.1989) (quoting H.R.Rep. No. 193, 86th Cong., 1st Sess. 2 (1959)). The Eleventh Circuit further states that "[t]he good faith requirement of 11 U.S.C. § 1325(a)(3) is sufficient to prevent undeserving debtors from using this procedure, yet does not prevent deserving debtors from using this procedure." *Id.*

■ In conclusion, the Trustee's objection to confirmation shall be sustained as the Debtors have failed to meet their burden of proving that their Chapter 13 Plan was proposed in good faith. This Court is satisfied that actual excess income, arguably resulting from excluded Social Security income, must be counted toward a Debtors' current monthly income and, thus, towards their projected disposable income for the purpose of determining payment to unsecured creditors. It should be noted that when a Chapter 13 debtor is seeking the relief of bankruptcy they must also pass the good faith test of Section 1325(a)(3). This Court, in examining the

specific facts of this case that are available to the Court, finds that these Debtors did not meet their burden of proof and, based on the foregoing, this Court is satisfied that confirmation of the Debtors' Chapter 13 Plan as filed shall be denied. The Debtors shall have fifteen days from the entry of this Order to file an amended Chapter 13 Plan or the case will be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that' the Trustee's Objection to Confirmation of Debtor(s) Plan (Doc. No. 38) be, and the same is hereby, sustained. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtors' Chapter 13 Plan as filed is disapproved and confirmation is denied. The Debtors shall have fifteen (15) days from the entry of this Order to file an amended Chapter 13 Plan. It is further

ORDERED, ADJUDGED AND DE-CREED that ruling on the Trustee's Motion to Dismiss for Bad Faith (Doc. No. 39) be, and the same is hereby, deferred. It is further

ORDERED, ADJUDGED AND DE-CREED that the in the event the Debtors fail to file an amended Chapter 13 Plan, the Trustee shall submit for this Court's consideration an Order dismissing the above-captioned case. In the event the Debtors file their amended Chapter 13 Plan, the Trustee shall file an appropriate recommendation for Confirmation.